COKER v. MONAGHAN MILLS et al.

(Circuit Court, D. South Carolina. September 17, 1901.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

A complaint in an action in a state court to recover for the death of plaintiff's intestate made two corporations defendants. It alleged that the first corporation was the owner of a building into which it invited the deceased, where he fell down an unguarded elevator shaft, of which he was given no warning, and was killed. It alleged that the second corporation had erected the building under a contract with the first which bound it to complete the same in a proper manner, and that it failed to perform such contract, by negligently leaving the elevator shaft unguarded. Held. that the action involved a separable controversy as to each defendant, and was removable by one of the defendants which was a citizen of a different state from plaintiff.[1]

2. FEDERAL COURTS—INJUNCTIONS—STAY OF PROCEEDINGS IN STATE COURT.

A circuit court of the United States is not authorized to grant an injunction to stay proceedings in a state court, in an action brought therein, because of the pendency of a petition for removal, which has not been presented to or acted upon by the state court.

On Petition for Injunction.

Carey & McCullough, for plaintiff.

Haynsworth & Patterson and Wm. G. Sirrine, for defendants.

SIMONTON, Circuit Judge. This case comes up on a petition of the Flynt Building & Construction Company, a corporation of the state of Massachusetts, praying that the plaintiff be enjoined from proceeding any further against it in the state court, because it has filed the record in this court after a petition for removal, with

[1] Separable controversy as ground for removal, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

proper bond. This motion has been here before. But it appeared that, although the petition for removal had been filed with the clerk of the state court, it never had been presented to the state court itself, no term of that court having been held since it was filed. Under these circumstances, in deference to the state court, this court declined to entertain the motion, and so anticipate or forestall the action of the state court. But it also appearing that, notwithstanding the filing of the petition and notice thereof, the plaintiff was pressing her case in the state court, and insisting on certain notices, and so assuming to anticipate the action of the state court, this court, having the parties before it on this motion, entered an order enjoining any action on the part of the plaintiff until the state court had received, considered, and decided upon the petition for removal. The case will be stated in full. There are two questions: (1) Is the cause removable at the instance of the petitioner, on the ground that there is a separable controversy? (2) If so, will this court enjoin further proceedings in the state court, which has denied the petition for removal?

The action is brought by Margaret Coker, as administratrix, for damages resulting from the death of her son, James H. Coker, who died intestate. The complaint has 20 paragraphs. The first two set out the corporate character of the two defendant corporations, the Monaghan Mills, a corporation of the state of South Carolina, and the Flynt Building & Construction Company, a corporation of the state of Massachusetts, the two defendants. The third to the fourteenth paragraphs, inclusive, set out the cause of action against the Monaghan Mills as follows: That it is the owner of a certain brick building, three stories high, constructed for the purpose of manufacturing cotton goods, in which it was engaged in having certain machinery and other appliances placed. The east end of this building was shut in by a wooden partition, instead of a brick wall, so as to provide for further extension of the building if this became advisable. Alongside of this partition was a stairway from the bottom to the top floors, out of which doors entered upon the several floors, which doors swing inside of the building, and to the right. Those who had occasion to go from the ground to any floor of this building were permitted and accustomed to use this stairway. Its doors were not locked, and the stairway was free to be used. On 28th January, 1901, plaintiff's intestate was in the employ of the Sacco & Petty Machine Shops, a corporation which had sold certain machinery to the Monaghan Mills, and was bound by contract to place said machinery in such mills as the Monaghan Mills would direct. At the instance and request of the Monaghan Mills the said Sacco & Petty Machine Shops directed the intestate of plaintiff on that day to go to the Monaghan Mills and report for orders, and, having so reported, was directed by it to place certain machinery on the third floor of the building. The intestate had never been in the building before, knew nothing of its interior arrangements, was not apprised thereof by the Monaghan Mills, nor was he warned of any danger in approaching or entering the said third floor by means of said stairway, and through the door entering therefrom. Just inside the building,

within a few inches of said door, was an elevator shaft, an open space 10 feet square and 50 feet deep, leading from the first floor to the third, having no fencing, railing, or other protection around it, totally exposed, in such close proximity to the doorway that one entering it and unaware of its dangerous position, by taking one step forward would fall into it, and through the shaft to the floor beneath. That on this morning the intestate of plaintiff, being so ordered to go to the third floor to place said machinery, unaware of any peril, went up said stairway, opened the unlocked door, took one step forward, and fell into and down the elevator shaft, and was instantly killed. Such is the charge against the Monaghan Mills. The fifteenth paragraph introduced the Flynt Building & Construction Company, as follows: That this company had a contract to erect this building and turn the same over complete to the Monaghan Mills, and under the terms of this contract it was the duty of the building and construction company to see that the premises were safe and suitable, and the elevator shaft securely guarded. The paragraph charges that, under this contract with the Monaghan Mills, it is also liable to the plaintiff for the death of her intestate. The sixteenth paragraph then charges that the death of intestate was caused by the defendants' negligence, in the plural.

Analysing the above, it will be seen that the charge against the Monaghan Mills is that it invited the intestate of the plaintiff into its building to do some work for it. The theory is that under these circumstances it was bound to furnish a safe entrance and place for the intestate to work, and at least to warn him of any existing danger, and that, not having done so, and the intestate having been killed by reason of an unsuspected danger in the entrance, it is liable. The charge against the Flynt Building & Construction Company is wholly of a different character. This defendant did not invite plaintiff's intestate to the building; had no connection whatever with him, or with the machinery which he was instructed to put in place; no connection whatever with the corporation furnishing the machinery. It is charged with having made a contract with the Monaghan Mills, and with having failed to perform said contract, and for such failure it is held responsible to plaintiff. The line of defense of the Monaghan Mills is wholly different from that which the Flynt Building & Construction Company must take, and the question of law upon which its liability depends or may be defeated is entirely distinct from that upon which the liability of the Monaghan Mills must be tested. The allegation of liability on part of both defendants is a conclusion of law, not of fact. Clearly, there is a separable controversy, and the cause is removable.

The petition in this case prays an injunction against the state court, and the plaintiff in the state court, from proceeding any further in the case, as it has been removed into this court. The petition for removal and bond have not as yet been presented to the state court, and the prayer for removal has not been acted upon. Section 720 of the Revised Statutes provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be

authorized by law relating to proceedings in bankruptcy." It has been held that this section does not apply to cases in which the jurisdiction of the federal court has first attached, and in which that court is proceeding to administer the property involved in the suit. Fisk v. Railroad Co., 10 Blatchf. 520, Fed. Cas. No. 4,830. Or when the rights of the parties have been adjudicated in the federal court, and it is sought to renew the litigation in a state court. French v. Hay, 22 Wall. 250, 22 L. Ed. 857. Or when a cause has been removed without question into the federal court, and notwithstanding this the parties seek relief from the state court, as in Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497. And there have been obiter dicta on circuit, in which broad rights in this regard have been claimed for the federal courts. But no case has been found which authorizes a circuit court of the United States to issue an injunction against a state court simply upon the ground that the federal court differs from the state court upon the legal question as to the removability of a cause. On the contrary, the supreme court of the United States has distinctly intimated, if not expressed, a contrary opinion. Says the court in Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962: "A state court is not bound to surrender its jurisdiction of a suit on petition for removal unless a case has been made which on its face," that is to say, clearly beyond question, "shows that the petitioner has a right to the transfer, and if it decided against the removal, and proceeds with the case, its ruling is reviewable here after final judgment." "The state court has the right to decide for itself whether, admitting all the facts stated in the petition for removal, the petitioner, as a matter of law, is entitled to the removal." Railway Co. v. Dunn, 122 U. S. 516, 7 Sup. Ct. 1262, 30 L. Ed. 1159. See, also, Railroad Co. v. Daughtry, 138 U. S. 303, 11 Sup. Ct. 306, 34 L. Ed. 963; Railway Co. v. Brow, 164 U. S. 277, 17 Sup. Ct. 126, 41 L. Ed. 431; Railway Co. v. Fitzgerald, 160 U. S. 582, 16 Sup. Ct. 389, 40 L. Ed. 536; Powers v. Railroad Co., 169 U. S. 101, 18 Sup. Ct. 264, 42 L. Ed. 673; Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399. Nor is any wrong done to the petitioning party which cannot be remedied. He has the right to remain in the state court under protest, and, if the cause be decided against him, then he can have remedy for any error in refusing his petition in the supreme court of the United States, after final judgment, or he may enter the record in the circuit court of the United States, and require the adverse party to litigate with him there, even while the state court is going on. Railroad Co. v. Koontz, 104 U. S. 15, 26 L. Ed. 643. The application for injunction is refused.

After this opinion was prepared, his honor Judge Klugh, in the court of common pleas at Greenville, S. C., signed an order removing this case, holding the controversy separable.