## HENRY v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, S. D. Iowa, W. D. May 8. 1903.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—ACTION FOR WRONGFUL DEATH.

Where the petition in an action against a railroad company and an engineer of one of its trains for negligently causing the death of plaintiff's intestate is based on the Iowa statute giving a right of action for wrongful death, which has never been construed by the courts of the state to create a joint liability in such cases, and alleges acts of negligence on the part of the railroad company with which its codefendant had no concern, and which are essential to make out a cause of action under the state law, a separable controversy is disclosed, and the cause is removable on petition of the railroad company showing diversity of citizenship, and alleging that the joinder of defendants was for the fraudulent purpose of preventing a removal.

On Motion to Remand to State Court.

Shaw, Sims & Kuehnle, for plaintiff.
W. S. Kenyon and C. M. Harl, for defendant.

McPHERSON, District Judge. This case was brought in the district court of Crawford county, Iowa, and was removed to this court by order of said state court on the petition and bond of the corporate defendant Illinois Central Railroad Company. The plaintiff is a citizen of Iowa, and the railroad company is a citizen of Illinois. The defendant Chapman is a citizen of Iowa. The plaintiff moves to remand because there is no separable controversy. From the petition it appears that plaintiff is the administratrix of the estate of Patrick Henry, deceased, who was killed January 12, 1902, by one of the trains of the defendant, between the stations of Arion and Denison, Iowa. Henry was in the service of the company, his duties being that of a track walker, going back and forth daily over a few miles of the track to see that the track, railroad bed, etc., were in suitable condition. Some time during the forenoon

¶ 1. Separable controversy ground for removal of cause to federal court, see Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

of the day of his death, while walking the track, going west, about 1½ miles from the station, a train moving in the same direction struck Henry from behind, killing him instantly; and it is for this that this action is brought. It is alleged that Henry was without fault or blame. Defendant Chapman was the locomotive engineer in charge of the engine pulling the train. At the time in question there was no regular or schedule train due at that point. Henry was not notified of the train in question, and he had no knowledge thereof until just before he was struck, when it was too late to get from the track. The train under the control of Chapman was running at an exceedingly high rate of speed, and was run wantonly, recklessly, and negligently by him, the said Chapman, against the said Henry. The bell was not ringing, nor the whistle sounded, and no alarm given to Henry. And, finally, it is alleged that the death of Henry was caused by the joint and concurrent negligence of both the railroad company and Chapman. Damages in the sum of $15,000 are asked. The petition for removal is in due and the usual form, verified by one of the attorneys. It also recites that Chapman is joined with the fraudulent and sole purpose of preventing the removal. It is also made to appear that at a prior term of the state court the plaintiff commenced an action on the same state of facts, and defendant company obtained an order of removal, after which plaintiff dismissed the case, and still later brought this action.

Plaintiff, in support of his motion to remand, cites and relies on the case of Railroad Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. I know of no case in the books on the question of removal more frequently cited, and more generally misunderstood, if I know what was therein decided, than the Dixon Case. What was that case? The company, engineer, and fireman were joined as defendants. Dixon was crossing the tracks on a public highway. The engineer and fireman were in charge of the train, and they negligently run the train over the said Dixon. In what the negligence consisted is not alleged, and does not appear. The state court denied the removal, and the Supreme Court of Kentucky affirmed the ruling. The kernel of the decision of the United States Supreme Court is in the first paragraph of the opinion of Chief Justice Fuller, wherein it said:

"The question to be determined is whether the Court of Appeals of Kentucky erred in affirming the action of the Boyd circuit court in denying the application to remove. And that depends on whether a separable controversy appeared on the face of plaintiff's petition or declaration. If the liability of defendants, as set forth in that pleading, was joint, and the cause of action entire, then the controversy was not separable as matter of law, and plaintiff's purpose in joining Chalkey and Sidles was immaterial. The petition for removal did not charge fraud in that regard, or set up any facts and circumstances indicative thereof, and plaintiff's motive in the performance of a lawful act was not open to inquiry."

In the case at bar fraud is charged in the petition for removal. But what, to my mind, is much more important, then follows. As known by all the profession, the wrongful killing of a human being could not, at common law, be the basis of an action for damages. All the courts have so held over and over again. The cause of action is statutory, and statutory only. And the Kentucky statute under which the Dixon Case was brought provides that a civil action may be brought, and then

recites that "damages may be recovered for such death from the corporations and persons so causing the same." The Kentucky Court of Appeals, in construing the Statutes, decided that the company and engineer were jointly liable; or, in the language of Chief Justice Fuller:

"And in this case the Court of Appeals [of Kentucky] held that the company and its engineer and fireman were jointly liable for Dixon's death, if caused by the negligence of those employés; and that the cause of action as alleged against all the defendants was an entire cause of action; * * * and, * * * if the liability was not joint, then separable controversies existed."

Aside from arguments and the citation of cases, this is the Dixon Case. From this it will be seen that the case was brought under a Kentucky statute, which was construed by the highest court of the state to create a joint liability of both the company and the wrongdoer employé. And such a construction of a state statute would be of binding force on the United States courts. Iowa has a statute without which this action could not have been brought, but it merely provides for a cause of action to be brought by the representative of the estate of the person killed. But in no other respect is it like the Kentucky statute, and it has never received such construction as was given the Kentucky statute by the Court of Appeals of that state. It will also be observed that in the Dixon Case no specific acts of negligence were charged, and, so far as appears from either the opinion of the Court of Appeals of Kentucky or from the opinion of the Supreme Court of the United States, no effort was made to have the facts set forth. And it will also be observed that there was neither allegation nor proof of fraud in the Dixon Case for joining the employé as a codefendant. The Dixon Case has recently been reviewed by Judge Amidon in the case of Helms v. R. R. (C. C.) 120 Fed. 389. While that decision was decided on the circuit, and therefore is not authoritative, yet it is so convincing to my mind, and so exhaustive of the whole question, that but little or nothing is left to be said. I adopt the argument used in the opinion of that case.

What occasioned the death of Henry, relying on the allegations of the petition? It was partly because of the high and negligent rate of speed of the train, with no signals or alarm given. Both the company and Chapman could traverse that allegation. But why was Henry not on the lookout for the train? Because, as the petition alleges, Henry was not apprised of the coming of this irregular train, and from all Henry could ascertain before starting on his trip of inspection he had no reason to expect the train. How could Chapman traverse that allegation? How could Chapman be responsible for what Henry failed to ascertain after diligent inquiry? And it will be remembered that under the Iowa practice plaintiff must allege and prove that Henry was free from contributory negligence. While that is not the rule of this court after the case is once removed, but if, from all the evidence, it appears that Henry was guilty of contributory negligence, there can be no recovery. How could Chapman be held responsible for the negligent failure of some train dispatcher to signal, or give notice to plaintiff or others of the running of this train? To hold that this action is not separable is to so hold in the face of the fact that evidence of negligence can be intro-

duced against the company of acts of which Chapman had nothing whatever to do, and, in the very nature of things, could not have been connected with. In my judgment, the action is separable.

The motion to remand is overruled.