Thomson-, J.
N. A. Floyd brought suit against the city of Colorado Springs, alleging in his complaint that on the 14th day of February, 1899, and for a long time before that date, the city, negligently and knowing^, permitted one of its principal streets, on which was run and operated a line of street cars, and at a point where the cars were accustomed to discharge and receive passengers, to become coated with a rough and uneven covering of ice, formed by water escaping from a hydrant in the vicinity which it owned and controlled; that the situation was such that it was impossible to reach the cars from the side of the street without passing over the ice; that on that day, after night had fallen, the plaintiff undertook to board a car which had stopped to receive passengers, and, while passing from the side of the street to the car, without fault or negligence on his part, slipped and fell upon the ice, sustaining severe and permanent injury.
*169 The defendant answered, denying all the allegations charging it with negligence; denying knowledge on its part, either actual or constructive, of the existence of the ice; averring that if there was ice on the street at the time mentioned, it was caused by a he.avy fall of snow which melted and froze; and charging the accident to the plaintiff’s own want of care.
There was no conflict or disagreement in the testimony. The evidence showed the condition of the street to be as the complaint described it, and was undisputed; it conclusively appeared that the water from which the ice was formed came from thé hydrant, and that the hydrant had been improperly so placed that it leaned toward the street in such manner that it threw the water beyond the ditch or drain constructed to carry it off, and directly into the street, and that it had been discharging water upon the street for a considerable number of months. The officer of the city who had charge of its streets at the time of the accident, and for a year before, testified that he had, during his whole term, been familiar with the condition of the street where the accident occurred. Nothing was shown in support of the charge of contributory negligence. The only evidence affecting the question was that the plaintiff, while crossing on the ice, proceeded very carefully.
The assignment of errors is confined exclusively to instructions given and refused. The jury were instructed that the burden rested on the plaintiff to prove his charge of negligence against the city, while it devolved upon the defendant to prove its charge of contributory negligence. The objection is to the latter part of this instruction. As applied to the’ undisputed facts it was correct. In Platte & Denver C. M. Co. v. Dowell, 17 Colo. 376, the rule is thus *170 stated: “The law does not presume contributory negligence; unless appearing- in the proofs offered by plaintiff, it is a defense to be established as other defenses.” No negligence of the plaintiff appeared in the proofs offered by him. To the contrary, in so far as they showed anything on the subject, they showed him in the exercise of due care.
Another instruction advised the jury that the plaintiff was not prevented from using the street at the place where the injury occurred, even although he may have been acquainted with the existence of the ice thereon; that, notwithstanding knowledge of the fact, he had a right to go upon the street in the ordinary way, using ordinary and reasonable care, either by night or by day, and that the fact he did so use the street, with knowledge of the existence of the ice, would not prevent a recovery. In the same connection the jury were further instructed that if they found that the plaintiff, while in the exercise of due and ordinary care, sustained injury by reason of the condition of the street, he was entitled to a verdict. Counsel has not made the precise nature of his objection to the instruction very apparent in his argument. The instruction was faulty in assuming-knowledge by the plaintiff of the condition of the street before he attempted to cross it, in the absence of any evidence that he had such knowledge; but this is not a defect of which the defendant has any ground of complaint; and, otherwise, in view of the facts disclosed by the evidence, we do not think the instruction was erroneous. — Highlands v. Raine, 23 Colo. 295.
The court instructed the jury as follows:
“The court instructs you that it is the duty of the city to see that its streets are in a safe condition for travel, by night as well as by - day, and to use all reasonable care and caution to keep, them so, and *171 to see that all streets are properly placed and constructed for the convenience and passage of the public. Whenever defects occur in the streets of a city, so that they become dangerous, either by the accumulation of ice thereon, or otherwise, it is the duty of the city to remedy them within a reasonable time, whenever such defects occur. The city is only responsible for reasonable diligence to repair such defects after the unsafe condition is known, or ought to have been known to it or its officers having authority to act respecting it. If it has the means of knowing that a street is unsafe for travel and is negligently ignorant of its defective condition, the city is then guilty of negligence.”
The objection to this instruction is that it incorrectly defines the duty of the city in relation to its streets. In a state of facts which has no existence in this case, we should feel compelled to hold the statement that it was the duty of the city to see that its streets were in a safe condition for travel, erroneous, unless the error was rendered harmless by the remainder of the instruction. There is no duty resting upon a municipality to see that its. streets are absolutely safe. It is required only to keep them in a reasonably safe condition for the ordinary uses to which they are subjected. — Denver v. Dunsmore, 7 Colo. 328; Boulder v. Niles, 9 Colo. 415; Denver v. Aaron, 6 Colo. App. 232.
AVhether the objection could be urged to the instruction as a whole, or whether the error in the statement was cured by the remaining portion, we do not feel called upon to decide. No statement of the duty in relation to its streets, which the law imposes upon a municipality, was necessary. It conclusively appeared from the evidence that the defendant did not keep the portion of the street where the accident occurred in a reasonably safe condition for one of *172 the ordinary modes of nse to which it was subjected. That it had actual knowledge through its officer in charge of its streéts of the dangerous condition which existed, or even if it had not possessed such knowledge, that the dangerous condition had existed for so long a time as to give rise to a conclusive legal presumption of knowledge, was proven beyond cavil. Upon the established facts the court would have been fully warranted in directing a verdict for the plaintiff, leaving to the jury only the determination of the amount of damage to be assessed. — Denver v. Aaron, supra.
And for the reason that upon the facts the law cast a liability for the injury upon the defendant, and the court might well have so declared, the defendant is not in a position to. complain of an instruction, which, even if erroneous, left the question of its liability to the judgment of the jury. — Brooks v. Bradford, 4 Colo. App. 410; Denver v. Murray, 18 Colo. App. 142, 70 Pac. 440.
The defendant requested two instructions which assumed that there was evidence from which the jury might find that the street was not unnecessarily obstructed; that the obstruction which existed was occasioned by sleet or the melting -of snow; and that it might easily have been avoided by the plaintiff. The evidence was conclusive that the street was unnecessarily obstructed; there was no evidence that snow, melted or unmelted, in any manner caused, or contributed to, the obstruction; the undisputed testimony was that to reach the car the plaintiff must cross the icy covering of the street; and it ■ would have been gross error to give the instructions.
We are unable to discover any error in the record from which prejudice could have resulted to the defendant, and the judgment will be affirmed.

Affirmed.