## McINTYRE v. SOUTHERN RY. CO.

(Circuit Court, D. South Carolina. July 9, 1904.)

1. MASTER AND SERVANT—JOINT NEGLIGENCE.

In order to render a master and servant jointly liable for injuries to a third person, there must be actual negligence, as distinguished from imputed negligence of the master concurring with a negligent act of the servant.

2. FEDERAL COURTS—REMOVAL OF CAUSE—SEPARABLE CONTROVERSY.

Though, in a suit against two or more defendants, one of whom is a nonresident, there may be charges of concurrent negligence against all, yet, if there be also a distinct charge of negligence against the nonresident defendant alone, sufficient in and of itself to constitute a cause of action. the case is one involving a separable controversy between citizens of different states, and is therefore removable to the federal courts.

3. SAME—PLEADING.

A complaint against a nonresident railway company and certain of its employés in charge of the train by which deceased was killed, who were of the same citizenship as plaintiff, alleged that, in violation of the rules of the railway company, "defendants negligently, willfully, and maliciously, by their joint, concurrent acts," gave certain box cars a high, unusual, and dangerous rate of speed, uncoupled them from the engine, turned a switch, and permitted them to roll down a steep grade over a crossing, by which plaintiff's intestate was knocked down and killed. The complaint also charged defendants jointly with negligence in maintaining such steep grade and closely adjoining switch at such place, in not providing a switchman at the crossing, in not providing a brakeman in charge of the cars, and in that the railway company's employés were incompetent, and that they were retained in its employ with knowledge that they were accustomed to violate its rules. *Held*, that such acts of negligence were not joint, but that the complaint alleged a separable controversy, entitling the railway company to remove the cause to the federal courts.

McCullough & McSwain, for plaintiff.
T. P. Cothran, for defendants.

BRAWLEY, District Judge. This is a motion to remand the case, which was commenced in the court of common pleas for Greenville county, and removed on a petition of the Southern Railway Company, which, among other things, alleged that the complaint presented a separable controversy, and that the defendants other than the petitioner were joined for the sole purpose of preventing petitioner from removing the cause to the federal court. There was a traverse of the petition, and it was referred to the standing master to take testimony; and it appears from his report that the petitioner examined one of the plaintiff's attorneys, and his testimony is before me.

It has become a common practice, in suits for damages against railway companies, to join as defendants with the railway company an employé or several employés, charging joint negligence. It taxes the credulity of the court to believe that in suits of that character there is

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 1238.

¶ 2. Separable controversy ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

any bona fide expectation of recovering damages from any other than the railway companies. They are solvent and able to respond in damages, and the persons joined with them as defendants are, as a rule, men of little substance, and unable to pay any damages which may be recovered. There is, in consequence, a strong presumption in every such case that employé defendants are joined for no other purpose than to defeat the right of a nonresident defendant to remove its cause to the federal court, and thus deprive it of its rights under the Constitution and laws of the United States. But cases often arise wherein it is a great hardship upon a plaintiff to have his cause removed from the county where his witnesses reside, to a forum where, by reason of his poverty, he may ill afford to carry a case. In every proper case he has the right to choose the court in which his cause shall be tried; and the defendant company here, having by removal exercised its choice, has no just ground for criticism if the plaintiff wishes to exercise a like right. If there is a separable controversy, the defendant company has the right to remove; if not, not; and, to determine this question, the complaint must be examined, to see whether there is a real joint cause of action, or merely a simulated one. The pleader cannot, by mere ingenuity in the framing of his complaint, or by repeated charges of joint and concurrent negligence, make it so, when in fact it is not so.

The plaintiff is the administrator of one Patrick Brady. The defendants are the Southern Railway Company; William Grubbs, a conductor on a freight train; Ernest Culbraith, an engineer; Henry Williams, switchman and train hand; and Henry Lomax, brakeman—all employed by the defendant company at the time of the injury complained of, and all of the last-named citizens of South Carolina. The heirs at law and distributees of Patrick Brady are his brother and sister, who live in Ireland, his sister living in New York, and certain nephews and nieces named, who are residents of Pennsylvania. Patrick Brady was killed on the track of the railway company, in or near the town of Honea Path, while crossing the track at a place where it is alleged there was a path or passageway which had been used by the public for many years with the knowledge and acquiescence of the defendant company. There was a steep grade at that point from this crossing or passageway up to the railroad station in the town of Honea Path, and the act of negligence charged is in these words:

"And then and there, in utter violation of the rules, regulations, and practices of the Southern Railway Company, the defendants carelessly, negligently, recklessly, willfully, wantonly, and maliciously, by their joint and concurrent acts, gave to three freight box cars, which they had orders to place upon the side track of said railroad in said town, a high, unusual, and dangerous rate of speed, and then uncoupled said three freight box cars from connection with the engine of said train, and allowed said three freight box cars to roll back down said steep grade at a high, dangerous, and increasing rate of speed; and just as plaintiff's intestate had crossed the main line of said railroad at the crossing or passageway aforesaid, and was in the act of crossing the side track, as he had a right to do, and as the defendants had invited him to do, the defendants, by their joint and concurrent negligence, carelessness, and recklessness, suddenly opened the switch at said end of said side track, and diverted the course of said three freight box cars into and upon said side track, and then and there, before the plaintiff's intestate could pass from the side track of said railroad, said three freight box cars, moving at said unusual and dangerous rate of speed, in utter violation of the rules of the de-

fendant Southern Railway Company, struck, knocked down, bruised, mangled, and instantly killed plaintiff's intestate."

It will be observed that this charges a reckless, willful, wanton, and malicious act upon the part of the four defendant employés, for which they would be responsible in punitive or vindictive damages, if the proof sustained the charge. There is no charge that the principal participated in this wrongful act of its agents, expressly or impliedly; that it authorized or approved of it, either before or after it was committed. On the contrary, the allegation is that it was done in "utter violation of the rules, regulations, and practices of the Southern Railway Company." Under this paragraph, which is the sixth paragraph of the complaint, there is surely no joint and concurrent act of negligence. It is true that a master is held responsible for the acts of those whom he employs, done in and about his business, even though they are in conflict with orders which he has given; but this is on the grounds of public policy, and not upon the theory that he personally causes the injury, while the liability of the servant arises wholly because of his personal act in doing the wrong. A willful act, done by a servant at the command or authority of his principal, makes them both jointly liable, because both are, in law, principal trespassers. To unite wrongdoers in one action, the injury must be in some sense their joint work. There must be some community in the wrongdoing. "It is not enough," says Pomeroy on Code Remedies, § 307, "that the injured party has on certain grounds a cause of action against one for the physical tort done to himself or his property, and has on entirely different grounds a cause of action against another for the same physical tort. There must be something more than the existence of two separate causes of action for the same act or default to enable him to join the two parties liable in the single action. This principle is of universal application." To make the master and servant jointly liable, there must be actual negligence, as contradistinguished from imputed negligence of the master concurring with an act negligently committed by the servant. In Davenport v. Southern Railway Company (C. C.) 124 Fed. 983, where the deceased was killed upon the railroad track, in circumstances very similar to those stated in the complaint, and it was charged that the acts of the agents were "reckless, willful, and malicious," the late Judge Simonton held that the controversy was separable, and refused to remand the cause.

The seventh paragraph of the complaint charges in these words:

"That the proximate cause of the death of the plaintiff's intestate was the joint and concurrent negligence, carelessness, recklessness, willfulness, and wantonness of the defendants in the following respects: (1) In maintaining within the limits of said town, and at and near said crossing, where the public had the right and were invited to be, the aforesaid steep grade and closely adjacent switch."

This is clearly a specification of negligence of the company, for which the other defendants cannot be jointly charged.

The second specification is in "giving a high rate of speed to and detaching the said three freight box cars, and allowing the same to run into and upon said side track at a high, unusual, and dangerous rate of speed, in utter violation of the rules of the defendant Southern

Railway Company." This does not charge any joint act of negligence, and what we have already said makes it clearly fall within the rule of Davenport's Case, above cited.

The third specification is in "not providing and having a watchman at the crossing." The fourth is in "not providing a brakeman in charge of the three freight box cars." These are acts of negligence for which the company alone is responsible. The other defendants are surely not liable for such a default.

The fifth specification is that the employés were insufficient and incompetent; that the defendant company had knowledge that they were accustomed to violate its rules, and, notwithstanding this knowledge, retained them in its service; and that the company was negligent, careless, and reckless in the selection of its servants. The company alone is responsible for this negligence or breach of duty. So it is clear that no joint liability arises under this specification. A late case in Georgia (Southern Railway Company v. Edwards, 42 S. E. 375) seems in point upon this phase of the case. The syllabus, which, under the practice in that state, is prepared by the court, is as follows:

"Although there may be, in a suit against two or more defendants, one of whom is a nonresident, charges of concurrent negligence against all, yet, if there be also a distinct charge of negligence against a nonresident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different states, and therefore removable to the proper United States court."

In that case the railway company and Russell, one of its engineers, were joined as defendants.; and the plaintiff sued for injuries suffered in consequence of being struck by a lump of coal which fell from the tender of a passing locomotive, of which Russell was in charge. The petition alleged a number of acts of negligence, one of which was overloading the tender with coal; and it was alleged also that the company was negligent "in not providing said engine with an engineer who was careful and prudent, and who would not have permitted said tender to be thus overloaded." The court says:

"That paragraph certainly did not charge an act of concurrent negligence, for it cannot be true that the company's negligence in providing a careless and incompetent engineer was an act in which the latter participated. Indeed, the plaintiff does not undertake to allege that this was so, but makes his charge of negligence with respect to employing an incompetent engineer against the company alone. As to this particular matter, therefore, there was a 'separable controversy' between the plaintiff and the company. The alleged negligent act of employing such an engineer, with resulting damage to the plaintiff, would, in and of itself, have given rise to a distinct cause of action, involving a controversy wholly between citizens of different states, and a suit of this kind would certainly have been removable. The fact that there is in the suit a 'controversy, which is wholly between citizens of different states, and which can be fully determined as between them,' brings the case within the removal act of 1887. Black, Dillon on Removal of Causes, § 139. See, also, section 143, and cases cited. That there is a separable controversy, must appear from the plaintiff's pleadings. Id. § 141. When the removal is proper, the effect is to carry the entire case into the federal courts. Id. § 142. The court erred in not granting the order of removal."

I am of opinion that although the complaint charges, repeatedly, joint and concurrent negligence, carelessness, recklessness, willfulness, and wantonness of the defendants, this is mere brutum fulmen, for the

specifications upon which these charges or conclusions are predicated do not show any co-operation between the defendant company and the employés in the acts which caused the injury to the deceased, and consequently there is no joint cause of action against them. The maintaining a steep grade, the employment of incompetent servants, the failure to provide a watchman and a switchman, are acts of negligence for which the company alone was responsible. The company is responsible for the acts and omissions and negligence of its servants upon grounds of public policy, and, to make it jointly liable with the servant, there must be some actual negligence, as contradistinguished from the negligence imputed by law. The wanton, willful, and malicious acts of the servants charged in the complaint give a separate cause of action against them, and damages may be assessed to the party injured, upon principles altogether different to those allowable against the company itself, for the party may recover punitive damages upon such a cause of action, while the company, although liable in damages for the negligence of its servants, is only liable for compensatory damages, unless it, by its conduct, expressly or impliedly authorized or approved the wrongful act which the complaint herein negatives, for it charges that these wanton, willful, and malicious acts were done in utter violation of its rules, regulations, and practices. This conclusion renders it unnecessary to consider the testimony submitted.

The motion to remand is refused.