### YEATES v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, N. D. Illinois. May 11, 1905.)

No. 27,208.

1. RAILROADS—LIABILITY OF LESSOR FOR LESSEE'S NEGLIGENCE—FEDERAL RULE.

Under the holdings of the federal courts, a lessor of a railroad track is not liable for the negligence of its lessee in operating its trains on such track, and, the question being one of general law, a federal court is not controlled thereon by state decisions.

2. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—CONSTRUCTION OF PLEADING.

The question whether a declaration states a joint and not a severable cause of action against two defendants is to be determined from the facts alleged, and is not affected by an allegation that the act complained of was the joint and concurrent act of both defendants.

[Ed. Note.—Separable controversy ground for removal of cause to federal court, see note to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

3. SAME—JOINT CAUSE OF ACTION.

The declaration in an action in a state court against two railroad companies alleged that one was the owner of certain tracks which it leased to its codefendant, a portion of the trackage being used by the

·two jointly and a portion exclusively by the lessee; that the lessor kept an employé in charge of a switch connecting the two, whose duty it was to switch the lessee's trains onto the exclusive track when the same was clear; that such employé negligently switched an engine upon which plaintiff was working onto such track at a time when there was another train thereon moving in the opposite direction; that through the negligence of the lessee's employés in charge of such train a collision occurred between the same and the engine on which plaintiff was in which he was injured. *Held*, that such declaration did not state a joint cause of action, but a separate and distinct cause against each defendant, and the suit was removable by one defendant which was a citizen of another state.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 97.]

On Motion to Remand to State Court.

James C. McShane, for plaintiff.
Winston, Payne & Strawn, for defendants.

KOHLSAAT, District Judge. The plaintiff heretofore moved the court to remand said cause to the state court. On November 28, 1904, that motion was denied. Afterward, and on March 20, 1905, plaintiff renewed his application to remand, and leave was given to file briefs. The first count of the declaration, which substantially presents the facts of the case, sets out in substance that the Illinois Central Railroad Company owned and operated certain tracks in this jurisdiction, certain of which, by agreement, were used jointly by it and the Michigan Central Railroad Company; that by virtue of said agreement certain other of its tracks were used exclusively by the Michigan Central Railroad Company; that in pursuance of the further terms of said agreement said Illinois Central Railroad Company employed a man whose duty it was to throw certain switches and regulate the movements of engines and trains of the Michigan Central Railroad Company over said tracks used in common onto said exclusive tracks, upon whom the Michigan Central Railroad Company was required to and did rely, and whose duty it was not to signal or permit a Michigan Central Railroad Company's engine or train to pass northward over said common tracks onto said exclusive tracks at a time when an engine was running southward on said tracks in coming out of the same; that plaintiff was then working in one of the engines which was running northerly from the joint tracks to the exclusive track; that the switch tender then negligently threw a switch which signaled and permitted said switch engine and train to pass from the joint tracks to the exclusive track at a time when a Michigan Central engine was backing southerly on said exclusive track; that, when said switch engine and train was stopped or almost stopped, said Michigan Central Railroad Company so negligently ran its road engine that as a result, and in consequence of the joint and concurrent negligence of the switch tender and the Michigan Central Railroad Company, the first in opening said switch, and the latter in carelessly handling said road engine and train, said road engine collided with the switch engine, causing the injury complained of. The question submitted to the court

is, does the declaration disclose a severable controversy within the meaning of the statute? Plaintiff insists that: (1) The Illinois Central Railroad Company is jointly liable with the Michigan Central Railroad Company merely because it is the owner of the tracks and has leased them to its codefendant. (2) The declaration shows a joint cause of action.

While the decision of the Illinois court seems to hold that both the lessor and lessee companies can be held for the negligence of the lessee company, such has not been the holding of the federal courts in cases similar to that before the court. Hayes v. Nor. Pac. R. R. Co., 74 Fed. 279, 20 C. C. A. 52; Hukill v. The M. & B. S. R. R. Co. (C. C.) 72 Fed. 745; Kelly v. C. & A. R. R. Co. (C. C.) 122 Fed. 286; Williard v. Spartanburg R. Co. (C. C.) 124 Fed. 796; Arrowsmith v. The N. & D. R. R. Co. (C. C.) 57 Fed. 165; Hutchinson on Carriers (2d Ed.) 515, 516; Elliott on Railroads, §§ 468, 469; Baldwin's Am. Railroad Law, 460. The question is one of general law, and not controlled by state decisions. B. & O. R. R. Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; Ry. Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97; Hough v. Railway Co., 100 U. S. 213, 25 L. Ed. 612; Gardner v. M. C. R. R. Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107; C., M. & St. P. Ry. Co. v. Solan, 169 U. S. 133, 18 Sup. Ct. 289, 42 L. Ed. 688; Pelton v. Bullard, 94 Fed. 784, 37 C. C. A. 1; Murray v. C. & N. W. Ry. Co., 92 Fed. 871, 35 C. C. A. 62; W. U. T. Co. v. Sklar, 126 Fed. 298, 61 C. C. A. 281.

The facts set out in the declaration must control the court in determining whether a separable controversy exists. The mere fact that a suit might be brought against each one of the defendants separately or against them jointly does not determine the question whether a severable controversy exists or not. Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; C. & O. R. R. Co. v. Dixon, 179 U. S. 136; Powers v. C. & O. R. R. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. Nor do the allegations of the declaration that the act was the joint and concurrent act of the defendants add anything to the plaintiff's position. Coker v. Monaghan Mills (C. C.) 110 Fed. 803; McIntyre v. So. Ry. Co. (C. C.) 131 Fed. 985; Gustafson v. C. R. I. & P. Co. (C. C.) 128 Fed. 85. The allegation of the declaration amounts to an averment that the Illinois Central Railroad Company wrongfully permitted and signaled the switch train and engine on which the plaintiff was located to get onto the exclusive track, on which snow had fallen and over which hung great quantities of smoke and steam, so that an engine could not readily be seen any considerable distance, at a time when, in running northward, it was likely to collide with said road engine, as the switch tender knew or might have known, whereby the accident occurred.

In order that the injury shall be the joint and concurrent act of both defendants, there must be a community of wrongdoing. McIntyre v. So. Ry., supra; Coker v. Monaghan Mills, supra; Helms v. No. Pac. Ry. Co. (C. C.) 120 Fed. 389. Was there any commu-

nity of wrongdoing in the case at bar? True, plaintiff might not have been in position to be injured if the switch engine and train had not been permitted to go upon the exclusive track. The Illinois Central Railroad Company was to blame, under the pleadings, for allowing this. On the other hand, the declaration alleges such a complete cause of action against the Michigan Central Railroad Company as would make it liable even if the switch engine and train had been there without any negligence on the part of the switchman. Nor would it be necessary to show any negligence on the part of the Michigan Central Railroad Company in order to hold the Illinois Central Company. The negligence of the Illinois Central Railroad Company was not the same negligence as that of the Michigan Central Company. The cause of action is different. "It is not enough," says Judge Amidon in Helms v. Northern Pacific Railway Co., supra, "that the party injured has on certain grounds a cause of action against one for the physical tort done to himself or his property, and has on entirely different grounds a cause of action against another for the same physical tort. There must be something more than the existence of two separate causes of action for the same act or default to enable him to join the two parties liable in a single action." In Shaffer v. Union Brick Co. (C. C.) 128 Fed. 97, it is said, "It is possible to establish the liability of the employé Ratliff in this case without showing any connection between him and his codefendant." It is plain that the evidence tending to establish the negligence of the Illinois Central Company is radically different from that required in the case of the Michigan Central Company. In the case of Coker v. Monaghan Mills, supra, the owner and contractor of a building were joined in a suit for damages sustained by the plaintiff in falling into an elevator shaft left unguarded by the contractor. Plaintiff entered the building at the invitation of the owner. The court says:

"Analyzing the above, it will be seen that the charge against the Monaghan Mills is that it invited the intestate of the plaintiff into its building to do some work for it. The theory is that under these circumstances it was bound to furnish a safe entrance and place. * * * The charge against the Flynt Building & Construction Company is wholly of a different character. This defendant did not invite plaintiff's intestate to the building: had no connection whatever with him, or with the machinery which he was instructed to put in place. * * * It is charged with having made a contract with the Monoghan Mills, and with having failed to perform said contract, and for such failure it is held responsible to plaintiff. * * * The question of law upon which its liability depends or may be defeated is entirely distinct from that upon which the liability of the Monaghan Mills must be tested. The allegation of liability on the part of both defendants is a conclusion of law, not of fact. Clearly, there is a separable controversy, and the cause is removable."

Therefore, the causes of action not being the same, it is clear there is a severable controversy, and the motion to remand is denied.