GOEDE v. CITY OF COLORADO SPRINGS et al.

(District Court, D. Colorado. September 21, 1912.)

No. 5,975.

REMOVAL OF CAUSES (§ 49*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

An action in a state court by a person injured by falling on a sidewalk, against the owner of the abutting property and the city, both being charged in the complaint with having negligently permitted the walk to become out of repair and unsafe, is one to recover for the concurrent negligence of both defendants, which created a joint liability, and there is no separable controversy, which renders the cause removable by the property owner, who is a nonresident; the other parties both being citizens of the state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*

Separable controversy as ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by John V. Goede against the City of Colorado Springs and the International Realty Company. On motion to remand to state court. Motion sustained.

Orr, Robinett & Mason, of Colorado Springs, Colo., for plaintiff.

Chinn & Strickler, of Colorado Springs, Colo., for defendant Realty Company.

POPE, District Judge. This cause is before the court upon a motion to remand. The cause was removed into this court by the defendant the International Realty Company, a Wyoming corporation, claiming that the controversy between it and the plaintiff is a separable one, and that therefore, notwithstanding the fact that the plaintiff and the defendant, the city of Colorado Springs, are each citizens of Colorado, the cause is removable. The motion to remand raises the question of whether there is a separable controversy between the plaintiff and the Realty Company. This, of course, must be determined solely by the face of the complaint.

The allegations of the complaint show a cause of action as follows: That the defendant Realty Company is the owner of a certain two-story frame building located in the city of Colorado Springs, constructed flush with the public sidewalk along Kiowa street; that the eaves of that building project over said walk to an extent such that, when water drips off the roof of said building, it falls upon said sidewalk near the center thereof and there accumulates and freezes in cold weather; that along the eaves of said building is a tin or zinc gutter, intended for the purpose of catching the drippings from the roof of said building in times of rain or melting snow, and to convey the same to two downspouts located at two of the corners of said building; that said downspouts were fastened to the outside of the building, and were so constructed and maintained by the Realty Company that, when water ran down the same, it would empty upon the walk; that the walk is constructed of flagstones, and is maintained by the defendant Realty Company for the use of pedestrians along said Kiowa street; that said walk was uneven on its surface, sloping downward from the middle and along its center line toward the inside of said walk next to said building, and the blocks of flagstone in said walk were uneven and rough, and so placed together as to form depressions in said walk, into which water from said downspouts and from said eave gutters accumulated along and next to the inner side of said walk the whole length of the building, and in freezing and thawing weather formed an icy coating, slanting each way from the middle of said walk. It is further alleged that for approximately one year prior to March 4, 1912, the gutter maintained by said Realty Company along said building was old, worn, and full of holes, and in such condition as that during rain and moisture from melting snow in winter the water running from the roof of the building would run into the gutter and leak down upon the walk below, and the water that ran down the spouts would empty upon and across the walk, and there accumulate upon the walk, and in cold weather would con-

geal and form a ridge and coating of ice along the building near the center of the walk. The complaint further avers that on March 4, 1912, the said sidewalk was covered near and along the center thereof with a ridged, rough, and uneven coating of ice, formed by reason of melting snow running from the roof of said building and leaking through said guttering along the eaves, and also from water conveyed down said spouts upon and along said walk, thereby making the walk unsafe for pedestrians; that on the night of March 3d a light snow had fallen, which covered said ice formation on said walk in such a way as to obscure it from view; that plaintiff, while walking along the north side of said building, about 7 o'clock in the morning of March 4, 1912, and in the exercise of ordinary care for his own safety, suddenly slipped upon said icy formation, and fell violently upon the walk, sustaining severe injuries. The complaint alleges that all the conditions above described, including that of the guttering and downspouts, and the fact of their leaking and emptying upon said walk, and there accumulating and becoming frozen, with an uneven and rough surface, were well known to both of the above-named defendants, or by the exercise of ordinary care would have been known to them, and each of them, at and for two months or more prior to plaintiff's injury. It is charged that the defendant the city of Colorado Springs had supervision of and control over the manner in which said sidewalk was maintained, and at all times above mentioned had knowledge of the condition of said walk, and the fact that during freezing weather the same would become coated over and ridged up in the middle of the walk with ice caused from water leaking from the guttering and emptying from said downspouts upon said walk. The complaint charges that the injuries received by the plaintiff were the result of the carelessness and negligent manner in which the defendant Realty Company maintained its premises and sidewalk as hereinbefore alleged, and by reason of the careless and negligent manner in which the defendant city permitted the sidewalk to be maintained.

The controlling question is whether the controversy as between the plaintiff and the Realty Company was separable from that between the plaintiff and the defendant city. The decisions of Colorado are to the effect that a suit such as the one above outlined may be maintained either jointly or severally against the city and the abutting property owner. In Elliott v. Field, 21 Colo. 378, 41 Pac. 504, it is said:

"This may be one of those cases where both the owner of the abutting lot and the city are under a common obligation to keep safe the sidewalk in front of such lot. If so, and if the plaintiff is injured by their failure in this respect, which failure would be a common neglect of a common duty, the plaintiff would have his election to sue the defendants jointly or severally. It is sufficient to say, however, that in effect this complaint in general terms alleges that it was the duty of both the defendants to keep safe this place where the accident happened, which, it is alleged, they did not do, and their failure was the cause of the injury. The gist of the grievance was the common negligence of both defendants in not properly guarding the excavation. This being so, and the complaint also setting forth a state of facts which shows that the city ought to have known of the defect in this street, and re-

paired the same, prior to the accident, the complaint is sufficient to support the verdict against both the defendants."

This case quotes and adopts as a correct statement of the law City of Peoria v. Simpson, 110 Ill. 294, 51 Am. Rep. 683. In this latter case, in discussing whether a suit such as this may be maintained jointly against the city and the property owner, the court says:

"Undoubtedly the rule is, for separate acts of trespass separately done, or for positive acts negligently done, although a single injury is inflicted, the parties cannot be jointly held liable to the party injured. If there is no concert of action—no common intent—there is no joint liability. This rule is very well settled by authority. [Citing authorities.] But a different principle applies where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the party injured may have his election to sue all parties owing the common duty, or each separately, treating the liability as joint or separate. A familiar case illustrating the principle is, where a person is injured by the falling of a party wall erected on the dividing line between two lots owned by different persons, the action is maintainable jointly against both owners. It is for the reason it was a common duty of both owners to make the repairs. Another instance is, where a passenger is injured by a negligent collision of the trains of two railroad companies, he may maintain one action against both. And so it has been held an action may be maintained jointly against towns, where the law will authorize such an action, for an injury resulting from the insufficiency of a bridge which both towns are under an obligation to maintain. [Citing authorities.] In Bryant v. Bigelow Carpet Co., 131 Mass. 491, it was held, where the negligent acts of two defendants combined to produce the injury to plaintiff, a joint action could be maintained against both negligent parties."

Other Colorado cases bearing upon municipal liability, upon facts similar to those here alleged, are City of Denver v. Dunsmore, 7 Colo. 328, 3 Pac. 705; City of Denver v. Moewes, 15 Colo. App. 28, 60 Pac. 986; City of Colorado Springs v. Floyd, 19 Colo. App. 167, 73 Pac. 1092. No decision has been called to my attention modifying the rule as announced in Elliott v. Field, that a case such as this constitutes a joint cause of action against the city and the property owner. It would be sufficient, therefore, to leave this case where the state decisions place it, to wit, as being a joint action, and thus as furnishing no basis for a removal upon the ground of its being a separable controversy. The recent decisions of the Supreme Court of the United States seem clearly to indicate that where, under state law, an action is joint, it will be so considered by the federal courts in passing upon questions of removal. In Cincinnati & Tex. Pac. Ry. v. Bohon, 200 U. S. 221, 225, 26 Sup. Ct. 166, 168 (50 L. Ed. 448, 4 Ann. Cas. 1152), it is said:

"We have under consideration an action for tort which by the Constitution and laws of the state, as interpreted by the highest court in the state, gives a joint remedy against master and servant to recover for negligent injuries. This court has repeatedly held that a separable controversy must be shown upon the face of the petition or declaration, and that the defendant has no right to say that an action shall be several, which the plaintiff elects to make joint. A state has an unquestionable right by its Constitution and laws to regulate actions for negligence, and where it has provided that the plaintiff in such cases may proceed jointly or severally against those liable for the injury, and the plaintiff in due course of law and in good faith has filed a petition electing to sue for a joint recovery given by the laws of the

state, we know of nothing in the federal removal statute which will convert such action into a separable controversy for the purpose of removal, because of the presence of a nonresident defendant therein properly joined in the action under the Constitution and laws of the state wherein it is conducting its operations and is duly served with process."

See, also, Chicago, etc., Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521.

Without resting the decision, however, upon the fact that the state courts have declared such actions to be joint, do the allegations of the complaint, when tested by federal decisions, make a separable controversy? I am of opinion they do not. An analysis of the complaint shows that the duty resting upon each defendant was the same, and that the breach of duty alleged against each was the same. The duty of each defendant was to maintain a safe sidewalk. The breach of this duty by each defendant was in permitting the sidewalk to become unsafe. The allegations of negligence may be classed as three: First, permitting the spouts to empty upon the sidewalk; second, permitting the gutters to become leaky and drip upon the sidewalk; and, third, constructing the sidewalk in such a manner as to empty its water toward the building rather than toward the street. As to the first of these, however, it is alleged that they had existed for a period of at least two months, and that both defendants had actual or constructive notice thereof. Upon these allegations the city, no less than the property owner, was in each instance guilty of negligence. If permitting the spouts to empty into the middle of the sidewalk is to be deemed negligence by the Realty Company, it is equally to be deemed negligence by the city, since the city with full notice permitted such spouts so to discharge. If the maintenance of a rough and uneven sidewalk, and one sloping toward the building, is to be considered negligence as against the Realty Company, the city is equally negligent, since with full knowledge of the conditions it permitted the sidewalk to remain thus defectively constructed. If permitting the gutters to become full of holes and drip water upon the sidewalk is to be deemed negligence by the Realty Company, it is equally negligence by the city, since the latter, fully knowing such dripping to exist, permitted it to continue.

Argument was made upon the hearing that the attitude of the Realty Company was misfeasance, whereas that of the city was simply nonfeasance. But this does not appear. Had the Realty Company placed an obstruction upon the walk, that might have been considered an affirmative act, or a misfeasance; but here, presumably, the gutters were, when constructed, in good condition, and the negligence of the company was in simply permitting them to become old and full of holes, and thus permitting them in that condition to drip water upon the walk. The negligence, therefore, is ultimately one of failure to act: that is, failure to remedy this condition, and to thus prevent ice upon the sidewalk. The sin was one of omission. In this the city was equally to blame. Its obligation, no less than the obligation of the Realty Company, was, after the notice alleged, to see that the condition did not continue. The case is thus one in which each defendant is charged with precisely the same duty, and in which each de-

fendant failed to perform that duty. In that respect the case differs from the line of decisions cited for the defendant Realty Company, in which one of the defendants was accused of negligence as to some matter in which the other defendant had no part.

An illustration of this is Anderson v. Southern Ry. Co. (C. C.) 177 Fed. 571. In that case the railroad company and its engineer were sued for damages. The negligence charged against the company was the employment of the engineer, an incompetent person; and the negligence charged against the engineer himself was that he did not blow his whistle at public crossings, and in otherwise running his engine in a reckless and negligent manner. Judge Newman, sitting in the Northern district of Georgia, held that this controversy was separable, for the reason that the negligence of the company, to wit, the employment of an incompetent person, was not concurrent with the negligence of the engineer in the operation of the train. In other cases there is a similar distinction, arising from the fact that the negligence charged against the defendant company is imperfect machinery or an unsafe place to work, whereas the negligence charged against the individual defendant is the improper management of such machinery or other affirmative personal act. It is to be noted that in none of these cases is the act of negligence common to both defendants. A few of the cases cited by defendant Realty Company, and thus distinguishable, are Yates v. Ill. Cent. Ry. Co. (C. C.) 137 Fed. 943; Fergason v. Chicago, M. & St. P. Ry. Co. (C. C.) 63 Fed. 177; McIntyre v. Southern Ry. Co. (C. C.) 131 Fed. 985; Gustafson v. Chicago, R. I. & P. Ry. Co. (C. C.) 128 Fed. 85; Henry v. Ill. Cent. Ry. Co. (C. C.) 132 Fed. 715; Hartshorn v. A., T. & S. F. Ry. Co. (C. C.) 77 Fed. 9; Coker v. Monaghan Mills (C. C.) 110 Fed. 803.

Here, however, such negligence was concurrent, and, as said in Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131–139, 21 Sup. Ct. 67, 71 (45 L. Ed. 121):

"Where concurrent negligence is charged, the controversy is not separable."

Chicago, etc., Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521, cited supra, will also be found, upon examination of its facts, to be enlightening upon this point. I am of opinion that this case is within City of Peoria v. Simpson, above quoted, wherein it is said:

"Where an injury results from the concurrent negligence of several persons, all being under a common duty to observe care, though that duty is separate with reference to that which causes the injury, all are jointly liable. * * * If it shall be ascertained it was the duty of both the owner and the city to keep the sidewalk in repair, then the failure to do so was a common neglect."

To quote Elliott v. Fields, supra, the complaint presents "a common neglect of a common duty."

The motion to remand will accordingly be sustained.