**SPERRY v. WABASH R. CO. et al.**

No. 352–D.

District Court, E. D. Illinois.

Nov. 8, 1943.

C. E. Tate, of Champaign, Ill., and W. A. Nichols, of Urbana, Ill., for plaintiff.

Henry I. Green, of Champaign, Ill., for defendants.

338

LINDLEY, District Judge.

Plaintiff seeks to have remanded a cause removed upon a petition alleging that a separable controversy existed between the corporate defendant, a nonresident of Illinois, and plaintiff, a resident of Illinois, justifying removal as provided by 28 U.S.C.A. § 71. The petition relied also upon an alleged fraudulent joinder of the individual defendants, employees of defendant railroad company, grounded upon the fact that, when an earlier suit had been filed against the corporate defendant alone, plaintiff, upon learning that application for removal was imminent, dismissed the suit and later filed this one, joining the employees.

■ To justify a removal, a separable controversy must be wholly between citizens of different states and one that can be fully determined as between them without the presence of others. Whether such a controversy exists must be determined from the pleading. Pullman v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

Plaintiff filed a complaint in compliance with the rules of practice promulgated by the Supreme Court of Illinois. She charges that the railroad company, "by and through its agents and servants and defendants Young, Ginder and Adams did one or more of the following acts which proximately and directly caused" injury to plaintiff. Several sub-paragraphs follow, charging specific negligence in operation of the railroad and its train, (a) to (g) inclusive. In the fourth, (d), plaintiff avers that the corporate defendant "negligently and carelessly failed to erect any warning signals, flasher signals, warning arms, crossing barriers or any signals at the crossing which would have apprised" plaintiff of the presence of the train, and in sub-paragraph (g), that there was then in force in Illinois Section 82 of Chapter 114 of the Revised Statutes, providing that no train shall be operated without good and sufficient brakes and a trusty and skillful brakeman on the rear of the car, unless the brakes are efficiently operated by power and that, on the day of the accident, the corporate defendant ran its cars without a brakeman so stationed and "without any brakes operated by power," thereby inflicting the injuries complained of. Plaintiff charges further that "as a direct and proximate cause of the negligence of defendants" the train ran upon her. The complaint contains no averment that the negligence of the corporate defendant in the two sub-paragraphs mentioned concurred with that of the individual defendants, or that any act or omission of the latter concurred with the alleged negligence of the former or that the joint and concurring negligence of all defendants combined or concurred to cause the injuries.

■ Rule 12 of the Rules of Practice promulgated by the Supreme Court of Illinois, Ill.Rev.Stat.1943, c. 110, § 259.12, provides that different breaches of duty, whether statutory or common law, growing out of the same transaction, "may be treated as a single claim or cause of action, and set up in the same count." The obvious effect of this provision is to permit plaintiff to unite in one count various causes of action growing out of the same circumstances and to eliminate necessity of separate counts as to separate causes of action, formerly required under the common law practice of Illinois. The rule contemplates a simplified pleading in which divers causes of action may be combined in one count without danger of a charge of duplicity.

Here, plaintiff has seen fit to aver, in certain sub-paragraphs, negligence on the part of all defendants. But the sub-paragraphs mentioned count solely upon the negligence of the railroad company and omit any averment that the other defendants were guilty of negligence concurring with that of the corporate defendant or that they in any way participated in such negligence or that their acts or omissions to act were in any way combined with those on the part of the corporate defendant to produce a common result. Each of these paragraphs would properly, under the former practice, have been included in a separate count, constituting a separate cause of action, in which the individual defendants in no way participated and for which they were in no wise liable. Asserted liability of the company, under these averments, constitutes causes of action for failure (1) to maintain proper signals and (2) to equip with proper brakes, to which the individual defendants are in no wise parties and creates a separable controversy between the parties.

■ A controversy may mean something less than the whole suit. Harrison v. Harrison, D.C., 5 F.2d 1001. It embraces a cause of action included within a suit which can be separated and disentangled therefrom. Accordingly the right to re-

move exists in any cause in which there are two or more controversies or causes of action capable of separation into two or more independent suits, one of which is wholly between citizens of different states. Alabama G. S. R. Co. v. Thompson, 200 U. S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann. Cas. 1147; 1 Cyclopedia of Federal Procedure, p. 955, and cases there cited. The only requirement is that this controversy must be capable of determination finally as between the parties thereto and complete relief afforded without the presence of the other parties to the suit. Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131; Wilson v. Oswego Twp., 151 U.S. 56, 14 S. Ct. 259, 38 L.Ed. 70; Thayer v. Life Association of America, 112 U.S. 717, 5 S.Ct. 355, 28 L.Ed. 864. But before it can be said that no separable controversy exists it must appear that the acts relied on as creating liability must be the joint and concurrent acts of all defendants so that there exists, on their part, a community of wrongdoing. Yeates v. Illinois Cent. R. Co., C.C., 137 F. 943.

In tort actions, if the employee is charged with something for which he is not liable, in other words, if no case is made out against him in the complaint, as to any cause of action asserted only as to the nonresident employer, the latter may remove. Such was the ruling in the following cases, largely similar to this: Action against a railroad company and an employee disclosing that the latter is not liable to perform the statutory duty, breach of which is charged against the employer. Chicago, R. I. & P. R. Co. v. Stepp, C.C., 151 F. 908, affirmed 8 Cir., 164 F. 785. 22 L.R.A.,N.S., 350. Averment that a fire was caused by the engineer's operation of an engine equipped with an improper spark arrester, held since, if the locomotive had been properly equipped as required by law, no conduct of the engineer would have caused the fire, to constitute a separable controversy. Bainbridge Grocery Co. v. Atlantic Coast Line R. Co., C.C., 182 F. 276. An averment of negligence on the part of the railroad company with which its codefendant had no concern was held separable. Henry v. Illinois Cent. R. Co., C.C., 132 F. 715. A charge of statutory liability against the railroad for failure to maintain a lookout was held not to involve the engineer and, therefore, to constitute a separable controversy. Lockard v. St. Louis & S. F.

R. Co., C.C., 167 F. 675. An averment of defective condition of the cars charged no liability against the engineer whose duty did not include supervision of the cars and, accordingly, the controversy was held separable. Rivers v. Bradley, C.C., 53 F, 305; Stokes v. Great Southern Lumber Co., D.C., 21 F.2d 185. An allegation that both corporate defendant and its employees were guilty of negligence in maintaining an unreasonably steep grade, and in not providing switchmen at the crossings, was held to charge negligence in matters with which the employees were not chargeable and to constitute a separable removable controversy. McIntyre v. Southern R. Co., C.C., 131 F. 985. See also Adderson v. Southern R. Co., C.C., 177 F. 571; Trivette v. C. & O. R. Co., 6 Cir., 212 F. 641; Nichols v. C. & O. R. Co., 6 Cir., 195 F. 913.

The reasoning upon which the conclusions in these cases were based is that, if one of the causes of action relied upon by plaintiff grows out of a duty imposed solely upon the corporate defendant, in the absence of a charge that the negligence of the employee concurred with that of the employer or contributed to or combined to bring about the injury, there remains in the case, as a separable part, the controversy solely between plaintiff and corporate defendant, whether, under the common law, it be stated in a separate count or whether, under code pleading, it is one of several causes of actions combined in one count.

Under the statute, when a portion of the cause is removable as a separable controversy, the entire cause is removed, although not all the parties to the other controversies could come into the federal court. Congress, under its power to distribute the judicial power granted by the Constitution, Art. III, Sec. 2, and the power to make all laws necessary to carry into execution its granted powers, is thus authorized so to provide. Inasmuch as it is the mandate of the Congress that the entire cause shall be removed, it follows that the motion to remand must be denied. Hoffman v. Lynch, D.C., 23 F.2d 518.

In view of my conclusion that a separable controversy exists, it becomes unnecessary to consider the further question of whether the employees were fraudulently joined for the purpose of depriving the federal court of jurisdiction.