# Iowa Homestead Co. *v.* Des Moines Navigation & Railroad Co. and others.

### (*Circuit Court, S. D. Iowa.*    June 1, 1881.)

1. JURISDICTION—CONTROVERSY BETWEEN CITIZENS OF THE SAME STATE.

    Whenever the sole controversy, in a suit begun in a state court, but subsequently removed to a federal court, is one between citizens of the same state, the suit will be remanded, upon motion, to the state court from which it was removed.

2. SAME—SAME.

    The parties to a suit brought in a state court to enforce a claim to a large amount of taxes which the complainant alleged it had paid in good faith, and under color of title, upon certain lands, were both citizens of the state in whose court the bill was filed. The bill prayed that the amount found to be due should be charged as a special lien upon the lands, and further prayed that the lands might be sold to satisfy the same. One Litchfield petitioned the court to be allowed to intervene in the cause, setting up the fact that he was the owner of the lands. His petition was granted; and thereupon, being a citizen of another state, he filed his petition and bond to remove the cause to a federal court. This petition also was granted, and the cause was removed. The complainant appeared, and moved that the cause be remanded. This motion was overruled. The complainant then moved to have the order denying the motion to remand set aside. This motion was also denied. Thereupon, at the suggestion of the court, he dismissed all that part of his bill praying that the amount found due should be charged as a special lien upon the land, and renewed his motion to remand. At this stage of the proceedings the intervenor asked and was allowed to file a cross-bill against the original parties to the suit, praying for a decree that the land be declared free and clear of any lien as prayed for by the complainant. A second motion of the complainant to remand was then denied. Subsequently, the complainant, by leave of the court, presents an amendment to his bill, dismissing all claims whatever, except for a judgment against the respondent for the amount of the taxes, and the intervenor also presents an amendment to his cross-bill, alleging that by his contract with the respondent he has assumed all of said respondent's liability to the complainant for the taxes in question. The complainant once more asks that the cause be remanded. *Held*, that the federal court no longer has jurisdiction of the suit, as there is now no controversy here except between citizens of the same state. Motion to remand granted.

3. SAME.

    It seems that, after the suggestion of the court to dismiss that part of the bill praying that the amount due, etc., had been followed, the court no longer had jurisdiction of the case, and the motion to remand, made at that stage of the proceedings, should have been granted, and the petition of the intervenor to file a cross-bill should have been denied.

4. SAME—DUAL CONTROVERSIES—ONE BETWEEN CITIZENS OF THE SAME STATE UNITED IN SAME SUIT WITH AN ENTIRELY INDEPENDENT ONE BETWEEN CITIZENS OF DIFFERENT STATES—UNION OF, DUE IN NO WAY TO PLAINTIFF.

    Where the union of a controversy between citizens of the same state with an entirely independent one between the plaintiff and a third person, a citizen of a state other than that of the plaintiff, is due in no measure to the plaintiff, it seems that a federal court has no jurisdiction of the suit.

5. ACT OF 1875, § 2.

*   *Quære*, whether this conclusion could be come to, upon a true construction of the second section of the act of 1875, without regard to the provisions of the constitution.

    The recent decision of *Barney* v. *W. H. & E. P. Latham*, in the supreme court of the United States, distinguished.

The plaintiff, on the fifth day of January, 1877, filed its bill in the circuit court of Webster county, Iowa, to enforce its claim against said navigation company to a large amount of taxes which it had paid upon certain lands lying in that county, alleging that said taxes had been paid in good faith, under color of title, by virtue of a deed received by the plaintiff from the Dubuque & Sioux City Railway Company. The bill, also, in addition to the accounting, sought to have the amount which should be found due charged as a special lien upon the lands, and prayed that the lands should be sold to satisfy the same. Afterwards, to-wit, on the sixteenth day of July, 1877, Edwin C. Litchfield petitioned said court for leave to intervene in the cause, setting up as ground therefor that he was the owner of the lands sought to be subjected to the lien of the taxes, and was therefore interested in the suit.

On the seventeenth of July, 1877, the next day after filing the petition for leave to intervene, the court granted the petition, and thereupon Mr. Litchfield filed his petition and bond to remove the cause to this court, which was accordingly done, and the cause was docketed here August 10, 1877.

At the October term, 1878, the plaintiff appeared in this court and filed its motion to remand, which was overruled.

At the May term, 1879, the plaintiff moved to have the order of November 5, 1878, denying the motion to remand, set aside. This motion was also overruled; Mr. Justice Miller saying, however, that if the complainant would dismiss so much of his bill as sought to subject the lands claimed by Litchfield to the taxes, the motion to remand should be sustained. In accordance with the suggestion of the court, the complainant, at a subsequent time, dismissed so much of its bill as sought to subject the land to the payment of its claim, and at the same time moved to have the cause remanded. Pending this motion the defendant Litchfield applied for leave to file a cross-bill, which the court granted, and denied the complainant's motion to remand. Litchfield filed his cross-bill making the homestead and navigation companies defendants, and praying that his title to the lands be declared free and clear of any lien as claimed by the home-

stead company, and that the homestead company should be enjoined from claiming or in any manner asserting that the taxes paid by said company are a lien upon the lands. The plaintiff in the original bill, also by leave of the court, presents an amendment to his bill dismissing all claims whatever, except for a judgment against the navigation company for the amount of the taxes paid Litchfield; also presents an amendment to his cross-bill, alleging that, by his contract with the navigation company, he assumed all of said navigation company's liability to the complainant for the taxes in question.

*George Crane,* for plaintiff.

*Wright, Gatch & Wright,* for defendant Litchfield.

Love, D. J., (*giving the judgment of the court.*) Thus it appears that, after many vicissitudes, this cause is again before us upon a motion to remand. Mr. Justice Miller, in denying a former motion, said that if the plaintiff would dismiss his claim to a lien upon the land, the cause should be remanded. This opinion must have proceeded upon the ground that upon the withdrawal of that claim by the plaintiff there would be no jurisdiction here. It could not have stood upon any other ground whatever, for upon no other ground than a want of jurisdiction could the cause have been remanded by the order of the court without the consent of the defendant Litchfield. The plaintiff accordingly withdrew or dismissed his claim to a lien upon the land. At that moment, according to Mr. Justice Miller's opinion, as we understand it, the jurisdiction failed here and the cause ought to have been remanded. But the defendant Litchfield, at this stage of the case, obtained from the court leave to file a cross-bill, by which he sought to make a new case, showing an interest other than that of defeating the lien asserted by the plaintiff. The writer of this opinion, Judge McCrary concurring, granted the order giving leave to file the cross-bill. We are both now, however, convinced, upon further argument and fuller consideration, that the order granting leave to file the cross-bill ought to have been denied.

In the first place, if Mr. Justice Miller's opinion was correct, there was no jurisdiction after the withdrawal of the plaintiff's claim of lien; and how could there be any further proceeding in the cause without jurisdiction? The only thing to be done was then to remand the cause to the state court. But again the plaintiff dismissed a material part of his claim, upon the opinion and suggestion of the court that it would thereby entitle itself to an order remanding the cause. Having thus, at the suggestion of the court and in accord-

ance with its opinion, abandoned its claim to a lien,—the only claim that affected the defendant Litchfield,—it was certainly error for the court to allow. Litchfield to set up a wholly new claim against it, and thus defeat its right to have the cause remanded,—the only consideration upon which it dismissed its claim of lien. Considering the matter, therefore, in the light of Mr. Justice Miller's opinion alone, the court ought to have denied the application for leave to amend and file a cross-bill. The motion to remand ought to have been sustained upon the withdrawal of the claim of lien by the plaintiff; for there was then nothing whatever before the court but a controversy between two citizens of the state of Iowa. But we are of opinion that the same conclusion might be reached by a different course of reasoning. We incline to the opinion that the original motion to remand ought to have been sustained without any conditions whatever. What was the case? Let us assume that a suit was pending in the state court, in which there were two distinct and independent controversies,—one between two citizens of Iowa, and the other between the plaintiff and a citizen of New York. Litchfield, the citizen of New York, was not a party to the original suit in the state court. No judgment which could have been rendered in that court could have affected him. If he had not voluntarily intervened, any judgment in that forum, affecting his title to the land, could have been questioned by him by an independent bill in equity in this court; but Litchfield did intervene in the state court, as he had a right to do under the state practice, and he thus by his own act brought his rights into question in the state court. Thus arose the double controversy in question. Mr. Litchfield then removed the suit with this dual controversy here, and the question is, was it competent for this court to overrule the motion to remand, and to hear and determine the controversy in the suit between two citizens of Iowa, as well as the controversy between the plaintiff, a citizen of Iowa, and the defendant Litchfield, a citizen of New York?

It is of no avail whatever to say that the defendant navigation company is insolvent, and therefore a mere nominal party, since Litchfield will be compelled to pay any sum that may be adjudged against the land. The plaintiff demands a personal judgment against the navigation company, and a party has a perfect right to judgment against his insolvent debtor, if he chooses to insist upon it. Moreover, a defendant who is insolvent to-day may become quite solvent in the future. Lastly, we have no evidence of the insolvency of the

navigation company. It may turn out otherwise upon the proofs. The mere allegation of its insolvency does not establish the fact. If this question of jurisdiction were to be determined by the true construction of the second section of the act of 1875 alone, there might be room for grave doubt. The last clause of that section is as follows:

"And when in any suit mentioned in this section there shall be a controversy which is *wholly* between citizens of different states, *and which can be fully determined as between them,* then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

But it must be borne in mind that upon every question of federal jurisdiction we are to consider not the law alone, nor the constitution alone, but the constitution *and* the law. These must concur in order to confer jurisdiction upon a federal tribunal. The constitution is the fountain of federal jurisdiction; the laws of congress are the streams through which the waters of jurisdiction flow to the courts: though the streams exist, yet, if the fountain be empty, the jurisdiction fails; and though the fountain be full, yet, if the streams exist not, the jurisdiction equally fails. The constitutional provision is that the judicial power shall extend to controversies between citizens of different states. This, as well by construction as by the very nature of our national constitution, excludes all controversies between citizens of the same state from the judicial cognizance of the federal courts. Clearly, then, we can have no jurisdiction of the controversy between the two citizens of Iowa in the present case. Standing alone and unconnected with the controversy between the plaintiff and Litchfield, there is a controversy in this suit between two citizens of different states. Does that fact give us jurisdiction to hear and determine a controversy between two citizens of Iowa of which otherwise we could have no jurisdiction whatever? Does the fact that a controversy between citizens of the same state is united in the same suit with a controversy between citizens of different states, bring the former controversy within our jurisdicton?

The whole course of legislation and of judicial decision hitherto has proceeded upon the principle that where in a suit a controversy between citizens of the same state is so blended with a controversy between citizens of different states as to be inseparable, the suit must remain in the state court. The reason is obvious. The state court is competent to decide both of such inseparable controversies and do full

justice. The federal court is not competent to decide the controversy between the citizens of the same state, and therefore in such cases it can render only partial justice. In this view alone can that most anomalous, inconvenient, expensive, and embarrassing provision of the act of 1866 be accounted for, whereby a suit in which there were two separable controversies might be divided—one part remaining in the state court and the other removed to the federal court. Why did congress provide that a suit in which there were inseparable controversies should not be removed? Because the federal court would have been incompetent to hear and determine the inseparable controversy between citizens of the same state. And if it had been supposed that, where the controversies in the same suit were separable, the federal court would be competent, under the constitution, to give judgment upon both controversies, would congress not have, in the act of 1866, provided that the whole suit should be removed, instead of only a part of it? Clearly, it seems to me, congress provided for splitting up the suit and removing a part of it, for this reason, and no other: that if the whole suit were transferred the federal court would be incompetent, under the constitution, to hear and determine the separable controversy between citizens of the same state.

If, then, it be not competent for a federal court under the constitution to hear and determine a controversy between citizens of the same state, when blended with and inseparable from a controversy between citizens of different states, how can it be possible, in view of the constitutional provision, for a federal court to have jurisdiction of a separate and distinct controversy between citizens of the same state, because it happens to be connected in the same suit with a controversy between citizens of different states?

It is now settled that the whole suit must be removed under the act of 1875. A part of it cannot be transferred, leaving the remainder in the state court. Hence, if there be, as in this case, two distinct and separate controversies,—one between citizens of the same state and the other between citizens of different states,—how is the federal court to deal with the controversy between the citizens of the same state? Can it give judgment between them without jurisdiction? Clearly it cannot split up the suit and remand it as to the controversy between the citizens of the same state, retaining it as to what remains? Can we dismiss, without prejudice, the suit so far as it relates to the controversy between citizens of the same state, and proceed to judgment upon the controversy between the citizens of different states?

This would result, in a case like the present, in turning the plaintiff round to a new suit in the state court upon his controversy with the citizens of the state to which he belongs.

Now, where the plaintiff has selected his adversaries, made them defendants, this result, in the absence of any question of the statute of limitations, would impose no great hardship upon him. It would be no more than the inevitable result of his own misjudgment in joining unnecessarily, in one suit, two distinct and separable controversies,—one between himself and a citizen of the same state with himself, and another between himself and a citizen of some other state. But in the case before us the solution of the difficulty suggested would work intolerable hardship to the plaintiff. He commenced his suit against a citizen of the same state with himself in the proper state court. He did not unite in this suit a controversy with a citizen of any different state. Nothing which might have been adjudged by the state court against the original defendant could possibly have affected the rights of Litchfield if he had not voluntarily appeared there. But if this court, by reason of Litchfield's voluntary intervention and removal of the cause, must, for want of jurisdiction of the controversy between the plaintiff and the original defendant, dismiss the suit as to that controversy even without prejudice, turn the plaintiff round to a new suit in the state court, and proceed to judgment between the plaintiff and Litchfield, the latter, by his intervention, will accomplish a result without a parallel in judicial proceedings.

If, on the contrary, we proceed here to hear and determine the whole suit, we must pronounce judgment upon a separate, distinct, and independent controversy between two citizens of the same state. But, if we remand the case, Litchfield need not be in the slightest degree prejudiced in his right to have his cause determined in this court. He will be at perfect liberty, as his counsel concedes, to withdraw from the state court; and most certainly, if any judgment should then be rendered in that court affecting his interests, he would have the right to come here, by direct suit, for relief. Finally, the plaintiff has, by amendment, expressly disclaimed any demand whatever against the defendant Litchfield, or the lands in which Litchfield is interested. There is, therefore, no real controversy here, except that which exists between the homestead and navigation companies, both citizens of Iowa.

I see no reason whatever, therefore, why the cause should not be

remanded under the provision of the fifth section of the act of March 3, 1875, which provides that—

"If in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear at any time after such suit has been brought or removed thereto that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of such circuit court, the said circuit court shall proceed no further therein, but shall dismiss or remand, as justice may require."

If we are to consider Litchfield's cross-bill with his proposed amendment, it seems to me that the reasons for remanding are imperative. He alleges that he has assumed to pay any sum that may be adjudged for taxes against the navigation company. If so, the controversy is one and inseparable. The plaintiff claims a personal judgment against the navigation company, and Litchfield, by his amendment, insists that he has a right to resist the obtaining of such a judgment, because if it be rendered he has assumed to pay it. This is the new case made by his last-proposed amendment. Can this be said to be a "controversy wholly between citizens of different states," within the terms of the second clause of the second section of the act of 1875? And can this controversy "be fully determined as between" Litchfield and the plaintiff without unavoidably involving a controversy with the navigation company? Litchfield's liability depends, by his own statement, in the proposed amendment upon the plaintiff's success in obtaining a judgment against the navigation company in his controversy with that company. How, then, can the controversy which Litchfield raises by this amendment be a "controversy *wholly*" between himself and the plaintiff, "citizens of different states?" And how can it be "fully determined" between them without involving the issue between the plaintiff and the navigation company, who are citizens of the same state?

Since writing the foregoing my attention has been called to the decision of the supreme court of the United States in the case of *Barney* v. *Latham*, just published in the Cent. Law Journal. It is, beyond question, held in that case that where a plaintiff in the state court in one suit unites two distinct controversies,—one with a citizen of his own state, and the other with citizens of other and different states,— the latter may have the cause removed. This case is clearly distinguishable from the one now before us by essential circumstances. The plaintiff in *Barney* v. *Latham* chose his own adversaries and

brought them into court by proper service. He unnecessarily united in one suit controversies between himself and a citizen of the same state with controversies between himself and citizens of other states. These controversies, as the court holds, were distinct and independent. He could not, by so doing, deprive the non-resident defendants of their right to have their controversy determined in the federal court; and he could not complain if his cause of action against the resident defendant was dismissed. The supreme court does not point out distinctly what is to be done with the controversy between the plaintiff and the citizen of the same state with himself, but it may be inferred, I think, from the closing paragraphs of the opinion, that that controversy may be disposed of by some form of amendment to the pleadings, without any determination of it upon its merits. I see no reason why, in a case like that, the bill might not be dismissed as to the controversy between citizens of the same state. But, however this may be, our judgment in the present case is not affected by the decision in *Barney* v. *Latham*. Our order to remand stands upon special grounds, entirely sufficient, in our judgment, and wholly independent of the decision referred to. It is noticeable that the supreme court puts its decision in *Barney* v. *Latham* entirely upon the construction of the second clause of the second section of the act of March 3, 1875, without any reference to the constitutional difficulty. There may be no doubt about the construction of that clause, and yet the constitutional difficulty may remain. The decision seems to have been by a nearly-equally-divided court; the chief justice, Mr. Justice Miller, and Mr. Justice Field, dissenting.

I am authorized to say that Judge McCRARY concurs in the conclusion reached in the foregoing opinion. He has not seen the opinion, and is not responsible for any of its reasonings.