### J. S. APPEL SUIT & CLOAK CO. v. BAGGOTT et al.

(District Court, E. D. New York.   November 9, 1904.)

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP.

    A suit brought in New York by a nonresident against a citizen and resident of New York and a citizen and resident of New Jersey—service being made on both in New York—is not removable by either defendant on the ground of diversity of citizenship; the first being precluded by his residence in the state, and the second because the suit could not have been begun in the federal court in New York against him by service made in that state.

On Motion to Remand to State Court.

S. S. Myers, for plaintiff.
Baggott & Ryall, for defendants.

THOMAS, District Judge.   The plaintiff resides in the state of Colorado, Baggott resides in the state of New York, and Ryall in the state of New Jersey.   Both were served with the summons and complaint in the borough of Manhattan, in the Southern District of New York.   The action was removed to this court upon the petition of Ryall and the consent of Baggott.   The cause of action is for libel published in the state of New York, signed by defendants under the name of

¶ 1. Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249: Mason v. Dullagham, 27 C. C. A. 298.
See Courts, vol. 13, Cent. Dig. § 813; Removal of Causes, vol. 42, Cent. Dig. § 89.

"Baggott & Ryall," in the course of business in which they were engaged as copartners.

Under the removal act, Baggott, not being a nonresident, could not remove the action to this court. Martin v. Snyder, 148 U. S. 663, 13 Sup. Ct. 706, 37 L. Ed. 602. The act so provides. The suit could not have been begun in the federal court against Ryall, a resident of New Jersey, by service upon him in the state of New York. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635. Hence there can be no removal as to him. The rule would be different as to an alien. Bowers v. Atlantic, G. & P. Co. (C. C.) 104 Fed. 889; In re Hohorst, 150 U. S. 650, 14 Sup. Ct. 221, 37 L. Ed. 1211.

The action should be remanded.