## GEBBIE & CO. v. REVIEW OF REVIEWS CO.

(Circuit Court, E. D. Pennsylvania. January 12, 1905.)

No. 23.

1. FEDERAL COURTS—REMOVED CAUSES—JURISDICTION—MOTION TO DISMISS.

The filing of a petition by a defendant in a state court to remove the cause to the proper Circuit Court of the United States does not prevent defendant, after the case is removed, from moving in the federal court to dismiss it for want of jurisdiction of defendant's person, he having appeared specially in the federal court for that purpose.

2. SAME—RESIDENCE.

Where both plaintiff and defendant, in a suit in a state court, were foreign corporations, but were doing business within the state, and were amenable to its laws, but neither were residents of the judicial district of the federal court to which defendant sought to remove the cause, for the purpose of avoiding its liability to plaintiff in the state court, the federal court would not assume jurisdiction without the consent of both parties.

Overruling a Motion to Dismiss and Remanding Suit to the State Court.

John Creth Marsh and V. G. Robinson, for complainant.

Frederic R. Kellog and Julius C. Levi, for respondent.

HOLLAND, District Judge. This is a bill in equity, filed by the plaintiff on September 24, 1904, in the court of common pleas of Philadelphia, No. 4, a state court of Pennsylvania, against the defendant company. Service was had upon one Bedford for the defendant at Philadelphia on October 7, 1904. A bond and petition for removal were filed in the said court, and an order thereupon made removing this cause, and the record was filed in this court on November 4, 1904. The petition for removal to the Circuit Court of the Eastern District of Pennsylvania sets forth that the controversy is one involving more than $2,000, exclusive of interest and costs; and that Gebbie & Co., plaintiff, is a corporation organized under the laws of the state of New Jersey, and a citizen of said state; and that the defendant, the Review of Reviews Company, was at the time of the commencement of this suit, and still is, a corporation organized under the laws of the state of West Virginia, and a citizen of the said state, and no other state; and, further, that the time to answer or appear herein has not expired, and no answer or appearance has been filed; and generally prays that "this suit may be removed into the Circuit Court of the United States to be held in the Eastern District of Pennsylvania, pursuant to the statutes of the United States in such case made and provided, and that no further proceedings may be had herein in this court." Counsel for the defendant appeared specially for the petitioner for the purpose of the removal of the cause, and not otherwise, and subsequently, upon the cause being removed to this court, appeared specially for the purpose of moving to dismiss the cause, first, for want of jurisdiction of the person of the defendant, and, second, for the reason that no legal service was had upon the defendant in the state court. This motion was filed November 4, 1904, and following this the plaintiff, on November

16, 1904, filed a petition, and a rule was granted to show cause why. the case should not be remanded to the state court. Both motions were argued together.

The bill filed in the state court sets forth that Gebbie & Co., the plaintiff, is a corporation of the state of New Jersey, and was duly registered under the laws of the state of Pennsylvania on the 6th day of August, 1904, and has been carrying on its said business of manufacturing and publishing books in the city of Philadelphia, since it has been so registered, in its place of business at 714 Spruce street, in the said city; and that the Review of Reviews Company, defendant, is a corporation organized and existing under the laws of the state of West Virginia, doing business in Philadelphia and vicinity and throughout the United States, having an agent and an officer for the transaction of business in Philadelphia and vicinity at 701 Lippincott Building, Philadelphia, and is engaged in selling books, and in the publication of a certain monthly magazine known as The Review of Reviews. The question of legal service upon the defendant is raised by an affidavit filed in this court, in which it is stated that Bedford, upon whom service was made, was not an officer or director of the defendant company, but was employed at a salary, having no general agency whatever, although he was called "manager." It is further stated the corporation was not registered as required by the Pennsylvania statute, and that the only business conducted in Pennsylvania was that under the management of Bedford, who hired canvassers and salesmen to canvass the citizens of Philadelphia and vicinity to find purchasers for books which were sold by the defendant company, and to instruct these canvassers with regard to their duties. The company kept a small stock of goods in Philadelphia in the possession of Bedford, and he delivered from this stock to fill the orders of canvassers, and then would order from the New York house to replace the goods sold. The company kept only such accounts in Philadelphia as might be due from book purchasers. The record filed in this court does not show upon whom service was had in the state court (this only appears from the affidavit filed), nor the form of the return made thereto. As neither the plaintiff nor defendant has furnished this record, it is presumed that it is in accordance with the practice in the state courts.

For the purposes of this case, and upon the admissions of the defendant itself in its affidavit, it is evident it was doing business in this state, in the city of Philadelphia, to an extent to subject it to a suit in the state courts under the ruling in Hagerman v. Empire Slate Company, 97 Pa. 534. Both of the parties to this suit are corporations. One is a citizen of New Jersey, the other a citizen of West Virginia, and neither a citizen and resident of this judicial district. While the diverse citizenship of the plaintiff and defendant exists, which gives the federal courts jurisdiction of the case, yet the court in this district cannot take jurisdiction without the consent of both plaintiff and defendant, and neither has waived its right to object to the jurisdiction of the Circuit Court of this district. While it is true the defendant presented its petition for the purpose of removing the case here, it only entered its appearance specially for that purpose; and it has been decided in Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126,

41 L. Ed. 431, that the filing by the defendant in an action in a state court of a petition for its removal to the proper Circuit Court of the United States does not prevent the defendant, after the case is removed, from moving in the federal court to dismiss it for want of jurisdiction of the person of the defendant in the state court or in the federal court; and in Foulk v. Gray (C. C.) 120 Fed. 156, it is held that a suit brought in a court of a state of which neither party is a resident is not removable into a federal court on the ground of diversity of citizenship under the judiciary act of March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, pp. 508, 509], unless both plaintiff and defendant waive objection to the jurisdiction of such court. Notwithstanding the fact that both the plaintiff and defendant are foreign corporations, they are in this state doing business, and amenable to the laws thereof in the transaction of their business.

It is very evident that the object of the defendant in presenting its petition for removal to this court, and then moving to dismiss for want of jurisdiction, was to avoid its liability to the plaintiff in the state court, and by this means an effort is made to use the right of a removal for the purpose of avoiding its liability within the jurisdiction of the state courts. The right of removal from the state to the federal courts under the acts of 1887 and 1888 was not intended to enable foreign corporations doing business in a state, and amenable to the laws thereof, to use the latter in this way to defeat the state jurisdiction.

The motion to dismiss is overruled, and the case is remanded to the court of common pleas No. 4, Philadelphia county, state of Pennsylvania.