MANUFACTURERS' COMMERCIAL CO. v. BROWN ALASKA CO. et al.

(Circuit Court, S. D. New York. August 8, 1906.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—ACTION AGAINST MAKER AND INDORSERS OF NOTE.

The contracts and liability of the maker of a promissory note and of the several indorsers thereon are each separate and distinct from the others, and their joinder as defendants in the same action, as permitted by a state statute, does not render the cause of action joint, or joint and several; but such an action is severable, and may be removed by any defendant who would have the right if sued· alone, without regard to the citizenship of his codefendants. But such removal carries only the controversy between such defendant and the plaintiff, and does not give the federal court jurisdiction over the other defendants or of the causes of action against them.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 94–96.

Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86, and Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. SAME—JURISDICTION OF FEDERAL COURT—NONRESIDENCE OF PARTIES.

Although a plaintiff cannot invoke the exercise of the jurisdiction of a federal court in a district of which neither he nor defendant is an inhabitant, where he sues in such district in a state court, the defendant may invoke the exercise of such jurisdiction by removal, if the requisite grounds of removal exist.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 32, 33.]

On Motion to Remand to State Court and Motions by Certain Defendants to Vacate an Attachment and to Dismiss.

Elbridge L. Adams, for plaintiff.
Justus P. Sheffield, for defendants.

THOMAS, District Judge.   On June 4, 1906, a warrant of attachment issued out of the Supreme Court, state of New York, which was on the same day levied upon the bank account of defendant Brown Alaska Company, amounting to $6,454.88, and the bank account of defendant John A. Mead Manufacturing Company, amounting to $1,353.-18, both with the People's Trust Company of Brooklyn.   June 16, 1906, the Brown Alaska Company appeared generally by attorney, and thereupon removed in its own behalf the action to this court.   Neither of the other defendants have been served with the summons, or appeared in such manner as to confer jurisdiction on this court or the Supreme Court.   But the Mead Company now moves in this court to vacate the attachment and dismiss the action as to it, and the Alaska Smelting & Refining Company moves to dismiss the action as to it.   At the same time the plaintiff moves to remand the action, upon the ground that it is not removable to this court.

The plaintiff and defendant Mead Manufacturing Company are citizens and residents of the state of New Jersey.   The Brown Alaska Company and the Alaska Smelting & Refining Company are citizens and residents of the state of Washington.   The complaint states causes of action on several promissory notes made by the defendant Alaska Smelting & Refining Company, to the order of the Brown Alaska Company, and indorsed by it and the Mead Manufacturing Company.   Section 454 (amended 1877) of the Code of Civil Procedure of New York provides:

"Two or more persons, severally liable upon the same written instrument, including the parties to a bill of exchange or a promissory note, whether the action is brought upon the instrument, or by a party thereto to recover against other parties liable over to him, may, all or any of them, be included, as defendants in the same action, at the option of the plaintiff."

Section 455 provides:

"The joinder of a person, as defendant in an action, with another person, as prescribed in the last section, does not affect his right to any order or other relief, to which he would have been entitled, if he had been separately sued in the action."

Daniel on Negotiable Instruments (5th Ed.) § 669, states:

"Nature of the contract of indorsement—It is a separate and independent contract.—The indorsement of a bill or note is not merely a transfer thereof, but it is a fresh and substantive contract, embodying all the terms of the instrument indorsed, in itself.   The indorsement of a bill is equivalent to the drawing of a new bill by the drawer upon the drawee (or acceptor, if it be accepted) in favor of the indorsee; and the indorsement of a note is equivalent to the drawing of a bill upon the maker, who stands in the relation of acceptor, as it were, in favor of the indorsee.   So entirely distinct and independent is the contract of the indorser of a note from that of the maker that at common law a separate action against each was indispensable."

The contract of the maker of the notes involved herein, and his liability thereon, is quite independent of the several contracts of the indorsers, and the contracts and liability of the indorsers are alike distinct one from the other; but it is the policy of the state of New York to permit the holder to avoid a multiplicity of actions by joining causes of action of such a nature in a single action. There is no joint cause of action against two or more of the parties as regards any contract existing by reason of the note or the endorsements thereon. Causes of action and parties severally liable thereon are joined, but the liability is, as regards the basis thereof, separate. The holder does not charge joint, or joint and several, liability, but distinct liability on entirely separate contracts. The cause of action does not become joint, or joint and several, from the mere fact that the plaintiff elects to avail itself of the statutory permission and unite parties in the same action. The plaintiff cannot by such procedure make joint, or joint and several, what is necessarily several in its essential nature; nor can the plaintiff, by availing itself of the statutory provision, estop any defendant, liable solely upon its independent contract, from removing the action as regards such defendant to the federal court, if the other conditions precedent to such removal be present. The rule is stated in Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823, Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693, and Louisville & Nashville R. Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63. It appears from these cases, as well as from Starin v. New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388, and Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32, 30 L. Ed. 269, that the question whether there is joint liability is not determined by the separate defense of a defendant denying joint liability. The fact that the Mead Company is a citizen and resident of New Jersey, of which state the plaintiff is also a citizen and resident, does not preclude the Brown Alaska Company from removing the action for the ascertainment of its liability, separate and distinct. The action is severable. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122; Connel v. Smiley, 156 U. S. 335, 15 Sup. Ct. 353, 39 L. Ed. 443; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Fergason v. Chicago, M. & St. Paul Ry. Co. (C. C.) 63 Fed. 177; Warax v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 72 Fed. 637; Sugar Creek, etc., Co. v. McKell (C. C.) 75 Fed. 34; Hartshorn v. Atchison Ry. Co. (C. C.) 77 Fed. 9; Carothers v. McKinley Mining & Smelting Co. (C. C.) 116 Fed. 947; Helms v. Northern P. Ry. Co. (C. C.) 120 Fed. 389; Harley v. Home Insurance Co. (C. C.) 125 Fed. 792; Henry v. Illinois Central Ry. Co. (C. C.) 132 Fed. 715; Cella et al. v. Brown et al. (C. C.) 136 Fed. 439; New England Waterworks Co. v. Farmer's Loan & Trust Co., 136 Fed. 521, 69 C. C. A. 297.

Some of the above cases involve the removal of the whole controversy to the federal court, while others relate to actions that are severable and removable as regards the liability of the removing defendant. This phase of the subject will be noticed later in reference to the motions of the defendants, not joining in the removal, to dismiss the action as to them and to vacate the attachment against the property of the Mead Company. Before considering that question the motion to remand up-

on the ground that neither the plaintiff nor the Brown Company is a resident of the Southern District of New York demands attention. The joinder of the other defendants does not affect this inquiry. The present question relates solely to the Brown Company. In Iowa Lillooet Gold Mining Company v. Bliss et al. (C. C.) 144 Fed. 446, the rule and grounds therefor adopted in many cases are well expressed by Judge Reed (144 Fed. 448) as follows:

"The motion to remand challenges the jurisdiction of this court, and in support thereof it is urged that, plaintiff being a corporation of Canada and defendant a corporation of Maryland, neither being a citizen or resident of Iowa, the action could not have been brought by original process in this court, and is not, therefore, one that is removable from the state court. This contention fails to distinguish between the jurisdiction or right of a court to determine a controversy and the venue or place where that jurisdiction may be exercised. The first part of section 1 of the judiciary act of 1887–88 (Act March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508]) confers jurisdiction upon the Circuit Courts of the United States, concurrent with the courts of the several states, of all suits of a civil nature at law or in equity, wherein the requisite amount is involved, and in which there shall be a controversy between (3) citizens of different states, and (5) citizens of a state and foreign states, citizens, or subjects. The second part of that section provides that no civil suit shall be brought against any person in a Circuit Court of the United States by original process in any other district than that whereof he is an inhabitant; but, 'when the jurisdiction is founded only upon the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' This suit is not of the class there described, for plaintiff is a corporation of Canada, defendant Bliss a citizen and resident of the Northern District of Iowa, and the Guaranty Company a corporation of Maryland. If it is one of which this court has jurisdiction, it might therefore have been brought in this court by original process against defendant Bliss, and if the Guaranty Company is jointly liable with him on its bond, against that company also, especially if it did not object to being sued there, and is removable to this court, if it is within the terms of the removal section. The second clause of section 2 provides that: 'Any other suit of a civil nature at law or in equity of which the Circuit Courts of the United States are given jurisdiction by the preceding section, which may now be pending or which may hereafter be brought in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein being non-residents of that state.' 24 Stat. 552 [U. S. Comp. St. 1901, p. 509]. It is the first part of section 1 that confers jurisdiction upon the Circuit Courts of the United States, and this cannot be conferred by consent of the parties to a suit. The second part of that section, which restricts the place where the jurisdiction conferred by the first shall be exercised, is not jurisdiction, but is a personal exemption granted to the defendant from being sued, in the class of cases there described, elsewhere than in the district of his residence or that of the plaintiff. This exemption the defendant may waive, and if he is sued in a district other than that of his residence, or that of the plaintiff, he does waive it by appearing generally to the suit and not claiming the benefit of such privilege or exemption."

Certain authorities upon which the learned judge relies are stated in his opinion, and further support for the holding may be found in Vinal v. Continental Company (C. C.) 34 Fed. 228 (Southern District of New York); Burck v. Taylor (C. C.) 39 Fed. 581; Amsinck v. Balderston (C. C.) 41 Fed. 645; Uhle v. Burnham (C. C.) 42 Fed. 1 (Southern District of New York); Alley v. Edward Hines Lumber Company (C. C.) 61 Fed. 903; Long v. Long (C. C.) 73 Fed. 369; Stalker v. Pullman's Palace Car Co. (C. C.) 81 Fed. 989; Duncan v.

Associated Press (C. C.) 81 Fed. 417; Creagh v. Equitable Life Assurance Society (C. C.) 83 Fed. 849; Cowell v. City Water Supply Co. (C. C.) 96 Fed. 769; Kirby v. Chicago & N. W. Ry. Co. (C. C.) 106 Fed. 551; Memphis Savings Bank v. Houchens, 115 Fed. 96, 52 C. C. A. 176; Pepper v. Rogers (C. C.) 128 Fed. 987. The result of this interpretation of the statute is that a plaintiff is forbidden to bring the action in the federal court, save "in the district of the residence of either the plaintiff or defendant," yet, if in obedience to such prohibition he bring the action in a state court within a prohibited district, the defendant may by removal do what the plantiff could not, viz., confer exercise of jurisdiction upon the federal court in such district. The theory is that the federal court has a jurisdiction which it cannot exercise at the instance of the plaintiff, but may exercise at the option of the defendant sued in a state court within the district.

If the plaintiff sue the defendant in the federal court of a forbidden district, it is quite understandable that the defendant might appear and waive objection to the district selected; but it is less easily appreciated that a plaintiff, incapable of selecting a certain district, and therefore forced to seek relief in the state court, may thereafter, at the will of the defendant, be carried to that very district. But this is explained upon the ground that the prohibition operates only against the plaintiff, as an original suitor, and in addition that it does not relate to the removal of cases. Hence it follows that the "proper district" for purposes of removal is that within which the defendant is sued in the court of a state, and that the "proper district" for original actions is the "district of the residence of either the plaintiff or defendant." In J. S. Appel Co. v. Baggott (D. C.) 132 Fed. 1005, decided in this court for the Eastern District of New York, a different conclusion was reached, and there are similar holdings by Judge Keller in the Circuit Court for the Southern District of West Virginia (120 Fed. 156), and Judge Holland in the Circuit Court for the Eastern District of Pennsylvania (134 Fed. 150). The Appel Case was decided upon what appeared to be the plain words of the statute. But the current of decision does not sustain the conclusion reached in the Appel Case. Hence the motion to remand must be denied.

But what controversy has the Brown Alaska Company removed to this court? It has removed the jurisdiction of the action so far as it relates to a distinct and separable alleged cause of action against it. But as to that single cause of action neither of the other parties is even a proper party, nor are they joined in the action with reference to it. They are not brought into this court. The court has no jurisdiction of them, either as to the cause of action stated against either of them or that stated against the Brown Alaska Company. The action was severable. The Brown Company severed it as regards itself and brought the severed part to this court. It brought the whole controversy to this court in which it was interested. There is a controversy as to two contracts of indorsement, from which it has removed itself. Can the Brown Company defeat the action as to them by voluntarily abandoning the tribunals of the state? This would enable one defendant, perhaps unable to respond for damages, to defeat recovery against

codefendants, by causing a dismissal of the action attempted to be begun against them. Meantime the statute of limitations might run, the benefit of attachments might be lost, or other injurious results follow. If service of the summons had been had, that benefit would be lost. But it seems that the other defendants are not in this court. The action as regards them is not here. They cannot be dismissed from such severed part, because they are not brought with it to this court. It is not for this court to decide whether the attempt to give the state court jurisdiction over these defendants can be perfected. That is a matter for the state court to decide. If the Mead Company's moneys are tied up by the attachment, they are not detained by any action of this court. If the levy of the attachment upon the Mead Company's property should be vacated according to the laws of New York, application therefor should be had to the court that has jurisdiction of the Mead Company and the attachment proceeding.

The motion to dismiss as to the other two non-removing defendants is denied, and the motion to vacate the attachment is also denied. The attachment of the property of the Brown Alaska Company, the removing defendant, will be vacated upon filing the bond that has been proffered and approved.