## HOFFMAN v. LYNCH et al.

District Court, N. D. Georgia. January 7, 1928.

No. 465.

1. **Removal of causes** ⬅⮞54—**Action by trustee of local bankrupt corporation against resident and nonresident transferees of its assets for fraud and accounting involved separable controversy as to accounting (Civ. Code Ga. 1910, §§ 4409, 4483, 4514, 5150).**

In action by trustee of bankrupt corporation, resident in state of petitioner, against transferees of its assets, some of whom were nonresidents, for fraud and conversion under Civ. Code Ga. 1910, §§ 4409, 4483, 4514, and 5150, and for accounting, controversy arising as to cause of action for accounting of corporate assets was separable controversy.

2. **Removal of causes** ⬅⮞54—**As affects removal of cause, individuals and corporations to which assets of bankrupt corporation were transferred could be held separately accountable.**

Individuals and corporations to whom insolvent corporation's assets were transferred could be held separately accountable by trustee in bankruptcy for assets received and held by each alone, if others could not conveniently be sued or served, though it is better to dispose of entire matter in one suit, if possible.

3. **Bankruptcy** ⬅⮞299—**Officers and directors of corporations receiving bankrupt corporation's assets are not proper parties to trustee's accounting suit against corporate transferees.**

Officers and directors of corporations which received assets of bankrupt corporation are not proper parties to trustee's suit against such corporations for accounting.

4. **Removal of causes** ⬅⮞50—**Suit against officers and directors of corporations receiving bankrupt's assets for fraud is separate cause of action from accounting suit against corporate assignees.**

Suit against officers and directors of corporations receiving assets of bankrupt corporation, on theory that officers were tort-feasors causing damage through fraud, is separate cause of action from suit against corporations for accounting.

5. **Removal of causes** ⬅⮞58—**Removal granted at instance of single defendant having separable controversy for diversity of citizenship in suit involving several controversies held effective as to all defendants (28 USCA § 71).**

In suit by trustee in bankruptcy of insolvent corporation against other resident and nonresident corporations and individuals containing several controversies, and at least one separable controversy wholly between citizens of different states, for which removal was granted one of defendants, which was nonresident, removal was effective, without any requirement or need of co-operation on the part of the other defendants, under 28 USCA § 71.

6. **Removal of causes** ⬅⮞115—**Requirement that case on removal shall proceed as if originally commenced in federal court applies to practice rather than to jurisdiction (28 USCA § 72).**

Requirement of 28 USCA § 72, that suit removed to federal court because of diversity of citizenship shall proceed in same manner as if it had been originally commenced in United States District Court, has reference to pleadings and practice rather than to jurisdiction.

7. **Removal of causes** ⬅⮞58—**Removal of suit involving several controversies for diversity of citizenship as to separable controversy gives federal court jurisdiction of entire suit, provided involvement is substantial (28 USCA §§ 71, 72).**

On removal of cause to federal court for diversity of citizenship as to separable controversy, under 28 USCA §§ 71, 72, federal court acquires jurisdiction over entire suit, even if several controversies are involved, provided separable controversy for which removal is had is real and substantial; otherwise, jurisdiction is to be declined altogether.

8. **Constitutional law** ⬅⮞20—**Legislative and practical construction of Constitution must be considered in determining constitutionality of statute.**

Deliberate legislative construction of Constitution and practical construction, consisting of acquiescence in statute by litigants and courts, are entitled to weight in considering constitutionality of statute.

9. **Courts** ⬅⮞258—**Congress is primary judge of what laws are necessary and proper to carry out extensions of judicial power (Const. art. 1, § 8, par. 18, and art. 3, § 2).**

Under Const. art. 3, § 2, extending judicial power over controversies between citizens of different states, and article 1, § 8, par. 18, giving Congress power to make necessary laws to carry powers into execution, Congress has authority to make necessary and proper laws to so extend judicial power, even when controversies are developed in state courts, and is primary judge of what is necessary and proper.

10. Removal of causes ⊘⟶102, 115—If, by removal of separable controversy, federal jurisdiction is extended to other controversies not intimately related thereto, controversy may be stricken or remanded (28 USCA §§ 71, 72, 80; Const. art. 3, § 2).

If, in any particular case involving several controversies, it appears that the federal jurisdiction acquired on account of diversity of citizenship as to single controversy, under Const. art. 3, § 2, and 28 USCA §§ 71, 72, is thereby extended to controversies not so intimately related to the federal controversy and its parties as to make a joint trial desirable, such controversies may be stricken or remanded, under section 80.

11. Removal of causes ⊘⟶111—All controversies which bear on removable controversy, or will be affected by its decision, come within federal jurisdiction, notwithstanding local requirements as to venue (Const. art. 3, § 2; 28 USCA §§ 71, 72).

Under Const. art. 3, § 2, and 28 USCA §§ 71, 72, providing for removal of suit because of separable controversy with diversity of citizenship, federal court should retain jurisdiction of all controversies in suit which bear on removable controversy, or will be affected by its decision, since such controversy has precedence, and local parties and their rights to a local trial under state Constitution must yield to requirement of federal Constitution.

12. Removal of causes ⊘⟶111—Control by federal court of entire suit on removal of single separable controversy held not unconstitutional as to nonremovable controversies involved (Const. art. 3, § 2; 28 USCA §§ 71, 72).

Removal to federal District Court of entire suit involving several controversies on account of diversity of citizenship as to separable controversy under Const. art. 3, § 2, and 28 USCA §§ 71, 72, and control by federal District Court of entire suit on account of separable controversy over which it has jurisdiction, held not to violate Constitution as giving federal jurisdiction to purely local causes, though power should not be unduly extended.

13. Removal of causes ⊘⟶111—Removal by nonresident corporate defendant on ground of separable controversy involving only conversion, of suit by trustee of bankrupt corporation against resident and nonresident corporations and officers for fraud, conversion, and accounting held to give federal court jurisdiction over entire suit (Civ. Code Ga. 1910, §§ 4409, 4483, 4514, 5150; Const. U. S. art. 3, § 2; 28 USCA §§ 71, 72).

In suit by trustee in bankruptcy against corporate transferees of bankrupt corporation's property and officers and directors of transferee corporations for accounting, and fraud and conversion, under Civ. Code Ga. 1910, §§ 4409, 4483, 4514 and for bail process, under section 5150, some of defendants being nonresidents, in which suit was removed by one of corporate defendants, under Const. U. S. art. 3, § 2, and 28 USCA §§ 71, 72, on ground of diversity of citizenship as to separable controversy involving conversion, removal *held* effective to give federal court jurisdiction over entire case, notwithstanding failure of other defendants to join in seeking removal, and in spite of fact that some of defendants were residents of state in which suit was brought and in which petitioner resided, and petitioner's motion to strike pleadings of defendants other than defendant petitioning for removal was therefore without merit.

In Equity. Suit by W. D. Hoffman, as trustee in bankruptcy of Adair & Senter, a corporation, against S. A. Lynch and others, commenced in the state court and removed to the federal court at the instance of defendant Lynch Enterprises Finance Corporation, in which a motion to remand was denied. On petitioner's motion to strike as irrelevant pleadings filed in the federal District Court by defendants who had not joined in the removal. Motion overruled.

Winfield P. Jones and Watkins, Asbill & Watkins, all of Atlanta, Ga., for trustee.

Alston, Alston, Foster & Moise, of Atlanta, Ga., for defendants.

SIBLEY, District Judge. Hoffman, as trustee in bankruptcy of Adair & Senter, a corporation of Georgia, brought an elaborate bill in the Fulton superior court, against S. A. Lynch, Lynch Enterprises Finance Corporation (called herein Lynch Company), Adair Realty & Trust Company, and Black, its trustee in bankruptcy, and several other corporations and individuals. The sum of the bill is that the stockholders and officers of Adair & Senter, in order to hinder and defraud the creditors of their company, transferred its entire assets, amounting to a million and a half dollars, to Lynch and the Lynch Company, by means of certain other corporations created, for the purpose of obtaining large advances of money for Adair Realty & Trust Company, but that the latter company also transferred assets belonging to it, of a value equal to the advances, so that Adair & Senter's transfer was not only without consideration moving to it, but without real consideration moving from Lynch and Lynch Company. The transfer was also alleged to be in violation of certain Georgia statutes and of the federal Bankruptcy Law, and to have been conceived and executed in actual fraud, to the injury of Adair & Senter and its creditors. The individual defendants, except Lynch, are joined as participants in the fraud, though they are not alleged to have profited personally, or to have any of the assets or proceeds thereof in their possession. Equitable remedies are sought of cancellation, account of the funds and their proceeds, injunction, and receiver, and mingled with these are several legal causes of action, such as a liability for fraud accompanied

with damage, under Civ. Code Ga. 1910, § 4409, which is a tort, and for conversion of property, with right to elect to recover the property or its value, under Civ. Code Ga. 1910, §§ 4483, and 4514, which also is a tort, and an effort at bail process under Civ. Code Ga. 1910, § 5150.

The petitioner and Black, trustee in bankruptcy, and some of the individual defendants, are citizens of Georgia, and Adair Realty & Trust Company is a Georgia corporation. Lynch and the other individual defendants are citizens of other states, and Lynch Company and the other corporations are corporations of other states. Lynch and some of the other defendants were not served. Some of the corporations are contesting the validity of the service on them. The Lynch Company removed the suit as having a separable controversy wholly between citizens of different states, in which it was interested. A motion to remand was made and denied; the judgment pointing out that the complaint against Lynch and Lynch Company, in paragraphs 43 to 48 of the petition, which allege present possession by them of the entire assets, of a stated value, of Adair & Senter, and present title in the trustee, and demand and refusal to deliver, was a complete separate cause of action under Georgia law, in which no one else was concerned, and was a separable controversy authorizing removal.

Thereupon petitioner moved to strike as irrelevant all motions and answers filed in this court by others than the Lynch Company, contending that, since these others have not joined in the removal, nothing has been removed to this court, or is for trial here, save the separate controversy pointed out by the court in refusing to remand. It is contended that the proper construction of the removal statute is that only the separable controversy claimed by the removing defendant is removed, and that any other construction of the removal act would render it unconstitutional, as attempting to give the United States courts jurisdiction over controversies not wholly between citizens of different states, contrary to article 3, § 2, of the Constitution.

[1–4] In the first place, the motion to strike pleadings is based on a misconception of the judgment refusing to remand. It was not held thereby that there was but one separable controversy. Assuming that the whole suit was removable for one controversy, it was thought enough to point out one. In fact, there are other separable controversies wholly between citizens of different states. Besides the one at law and in tort mentioned

in the judgment, that in equity for an accounting of the assets of Adair & Senter is another such. All the defendants alleged to have received or to be now in possession of any of these assets are citizens of different states from the petitioner. Adair Realty & Trust Company and its trustee in bankruptcy have none of them. They would be necessary parties to the cancellation of the contract of November 23, 1926, between Adair & Senter and the trust company; but this cancellation is not necessary to the relief sought, because this contract is itself no muniment of title, and does not purport to transfer anything, but is only an executory agreement, which, if in fraud of creditors, or otherwise void, need not be canceled, but can be invalidated by proof on the trial.

Further, each defendant could be held separately accountable for the assets received and held by it alone, if the others cannot conveniently be sued or served, though it is manifestly better to dispose of the entire matter in one suit, if they can be served. The individuals who are officers and directors of the corporations who received the assets are not proper parties to the accounting. Suing them personally, as tort-feasors causing damage through fraud, is another cause of action altogether. It is probable that there is misjoinder, and even inconsistency, in the several causes of action attempted to be set up; but at present they are all in the bill. The motion to be ruled upon does not amend the bill by eliminating anything. It cannot be foreseen that no one's rights except the Lynch Company will be involved in the trial. [5] The fact that only the Lynch Company has sought removal is not important. Where the suit contains more than one controversy, and removal is sought because of a separable controversy wholly between citizens of different states, the statute (United States Code, title 28, § 71 [28 USCA § 71]) is express that "either *one* or *more* of the defendants actually interested in such controversy may remove *said suit* into the District Court of the United States." There is no need of co-operation among the defendants; they all come with the suit.

From the same words in this section, as well as these in section 72 (28 USCA § 72), "It shall then be the duty of the state court to * * * proceed no further in such suit," it is clear that the intent of Congress was to remove the *whole suit* from the state court. Previously, under the Act of July 27, 1866 (14 Stat. 306), when the separate controversy between parties of diverse citizen-

ship was alone removed, much confusion ensued as to what was triable in the state court and what in the federal court, with expense of double litigation, and sometimes conflicting results. There can be no doubt that the change made in the law by the Act of March 3, 1875 (18 Stat. 470), was deliberately intended to bring the whole suit to the District Court. It was so held in Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, and often since. Later amendments have not affected this point.

[6, 7] The whole suit having been brought into the District Court, what shall be done with it there? The statutory answer in United States Code, title 28, end of section 72, is: "The cause shall then proceed in the same manner as if it had been originally commenced in the said District Court." These general words, from their context, must be taken to have reference to pleadings and practice rather than to jurisdiction, for the latter is especially dealt with .elsewhere. The presence of a defendant of the same citizenship as the petitioner would work dismissal of a suit commenced in the District Court, but so to hold in a removed suit would nullify the whole scheme of removal for separable controversy. A remand, and not a dismissal, is to be made under section 72 if it shall appear that the cause was "improperly removed," or in cases of removal for local prejudice, a partial remand as to defendants not affected by the prejudice, is authorized. Section 80 (28 USCA § 80) provides that suits begun in the United States court shall be dismissed, and those removed from a state court shall be remanded, if at any time it appears that the case does not really and substantially involve a dispute or controversy properly within the jurisdiction of the District Court. The meaning as applied to removal of separable controversies is, if the controversy within the jurisdiction of the court is involved in the suit, though the suit may involve other controversies also, jurisdiction is to be exercised over the whole suit, provided the involvement is real and substantial; otherwise, jurisdiction is to be declined altogether.

In Barney v. Latham, supra, at the end of the opinion, it is recognized that such a suit may be found, after removal, to involve subject-matter and parties so unrelated to the controversy causing the removal as to require special treatment, but no distinct ruling was made on the matter. See, however, Hamilton v. Gas Co. (C. C. A.) 297 F. 422. Instances of such special treatment are found in Union Pacific R. Co. v. Myers, 115 U. S. 1, 5 S. Ct. 1113, 29 L. Ed. 319; Chicago v. Hutchinson et al. (C. C.) 15 F. 129; Manufacturers Commercial Co. v. Brown Alaska Co. (C. C.) 148 F. 308; Deepwater R. Co. v. Pocahontas Co. (C. C.) 152 F. 824; Young v. Southern Pacific R. Co. (C. C. A.) 15 F.(2d) 280; Alabama Power Co. v. Gregory Hill Mining Co. (D. C.) 5 F.(2d) 705.

[8, 9] The statutory scheme of removal is therefore to remove the whole suit, for the state court to proceed no further therein, and for the District Court ordinarily to proceed with the whole suit, unless in the case of removal for local prejudice the District Court orders otherwise. The question remains: Is this scheme constitutional in removals for separable controversy, if the suit contains other controversies to which the federal judicial power does not directly extend? Does not the Constitution exclude from the removal at least the separable controversies over which a federal court is, by it, given no jurisdiction? The question is of great interest and importance, affecting a mass of litigation, present and future, and possibly reaching back to judgments rendered in the past. Though present in the law since 1875, it seems not to have had direct consideration and authoritative solution.

It is argued that Congress can give the District Court power over nothing to which the federal judicial power does not extend, and as to this point article 3, § 2, of the Constitution, declares, "The judicial power shall extend to * * * controversies * * * between citizens of different states," and no further, for by the Tenth Amendment powers not delegated are reserved; consequently, if there be two distinct controversies, one between citizens of different states and one that the federal judicial power does not extend to, since jurisdiction cannot be given by the consent of one or both parties, the joining of the two controversies in one suit by the plaintiff cannot operate to give the District Court jurisdiction over both, either in a direct suit or by removal from a state court.

It is urged that it is not sufficient reply to say that the plaintiff cannot complain as he made the joinder of the two, because the local defendant interested in the nonfederal controversy has as good a right to a local trial as the removing defendant has to a federal trial of the federal controversy. This was the view of the matter evidently taken by Congress in passing the Act of July 27,

1866, and put forth in some of the decisions of the lower courts, as in Burke v. Flood (C. C.) 1 F. 541, 551; Iowa Homestead Co. v. Des Moines Navigation & R. Co. (C. C.) 8 F. 97. On the other hand, we have a later deliberate legislative construction of the Constitution to the contrary in the passage of the Act of March 3, 1875, followed, or at least acquiesced in, since by litigants and courts from the lowest to the highest. This legislative and practical construction ought not lightly to be overridden. 8 Cyc. 736, 737.

While no decision of this constitutional question seems to have occurred in the great landmarks on the subject of jurisdiction for diversity of citizenship, such as Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435, Smith v. Lyon, 133 U. S. 315, 10 S. Ct. 303, 33 L. Ed. 635, and Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, the passing of it in silence is itself significant. Bank of United States v. Deveaux, 5 Cranch, at pages 88 and 92, 3 L. Ed. 38. By enforcing the statute, the courts have all been tacitly agreeing with the Congress in its interpretation of the Constitution. The true reasoning may be this: Article 3, § 2, ordains that the judicial power *shall extend* to controversies between citizens of different states. Article 1, § 8, par. 18, gives Congress power to make all laws which shall be necessary and proper for carrying into execution the foregoing powers and all other powers vested by this Constitution in the government of the United States, or in any department or officer thereof. Congress, therefore, has authority to make laws necessary and proper to extend the judicial power effectively over such controversies, even when developed in state courts. Congress is the primary judge of what is necessary and proper. Guided by experience with the Removal Act of 1866, it judged necessary the Act of March 3, 1875. The act is valid unless it shall plainly appear to a court that what is necessary to the proper exercise of the judicial power has been exceeded. The act cannot be condemned altogether on this ground, for surely it has been found generally to work proper results to remove and retain the entire suit.

[10, 11] If in application to particular cases it appears that the federal jurisdiction is thereby being extended to controversies not so intimately related to the federal controversy and its parties as to make it desirable under general legal principles to try them together, separation may be had. Such controversy may be stricken out without prejudice from the suit, or remanded, if pleadings clearly separate it, thus splitting the case as to parties and subject-matter, as is expressly authorized to be done in removals for local prejudice. The federal Constitution can thus be satisfied and local parties be accorded any right of local trial that they may clearly appear to have, the District Court being always, by the removal of the entire suit, the sole judge of what can and should be done in this respect. The full, fair, and complete trial of the federal controversy, together with all other controversies that bear upon it or will be affected by its decision, ought always to be retained. That controversy has precedence, and the local parties and their rights under state Constitutions to a local trial must yield as far as it is necessary, for the reason that the federal Constitution and the laws made in pursuance of it are the supreme law of the land. If this leads apparently to trial in the federal courts of matters over which jurisdiction is not primarily given by the Constitution, it is due to the involved nature of practical litigation.

A similar question early arose as to what a federal court should try in a case "arising under the Constitution and laws of the United States." In Osborn v. Bank of United States, 9 Wheat. at page 823 (6 L. Ed. 204), it was said: "We think then that, when a question to which the judicial power of the Union is extended by the Constitution forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it." This language is sufficiently general to cover the present question. It is the only practical view to be taken. It is true that article 3, § 2, of the Constitution, extends the judicial power to *cases* arising under the Constitution and laws of the United States and to *controversies* between citizens of different states, and that a case, in the sense of a suit, may involve several controversies. I think the difference in the terms was made to embrace criminal matters in the former and exclude them in the latter, as suggested in Chisholm v. Georgia, 2 Dall. 431, 432, 1 L. Ed. 440, rather than to narrow the judicial power otherwise. Civil cases and controversies are treated as synonymous in Smith v. Adams, 130 U. S. 167, 9 S. Ct. 566, 32 L. Ed. 895.

[12] Other familiar instances of the application of federal judicial power to matters not directly within it are dependent and supplementary bills and interventions in equity and controversies over property in the hands of a federal receiver, or otherwise in

possession of the court. It is then said that the original and primary jurisdiction, or the possession of the res, draws to the court jurisdiction, because it would otherwise be impractical fully and effectively to execute the direct jurisdiction originally assumed. These illustrations, without citing the abundant authorities for them, further show the propriety of dealing in a practical way with the whole of a litigation, where the superior, though limited, federal jurisdiction has properly attached to a part of it. While there should, of course, be constant watchfulness, lest power lead to unnecessary encroachment, amounting to usurpation, the removal to and control of the entire suit in the District Court, because of a separable controversy over which it has jurisdiction, is not unconstitutional.

[13] It follows that the motion to strike the pleadings and motions of the defendants other than the Lynch Company, as irrelevant to the pending case, must be overruled.